404 So.2d 904 (1981)
Kathryn Dunaway DEDON
v.
Clifford DEDON.
Jette Ann Stewart NORSWORTHY
v.
Arval Carmen NORSWORTHY.
Nos. 81-C-0045, 81-C-0369.
Supreme Court of Louisiana.
September 28, 1981.
Donald R. Miller, Shreveport, for plaintiff-applicant in 81-C-0045.
Glen H. Smith, Shreveport, for defendant-respondent in 81-C-0045.
James E. Bolin, Jr., of Sockrider & Bolin, Shreveport, for plaintiff-applicant in 81-C-0369.
James L. Fortson, Shreveport, for defendant-respondent in 81-C-0369.
BLANCHE, Justice.
This case requires the classification of military retirement benefits as community or as separate property. We find the recent opinion by the United States Supreme Court in McCarty v. McCarty, ___ U.S. ___, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) controlling in our decision of this matter.
The facts of the instant case are as follows: Kathryn Dunaway and Clifford Dedon were married in 1952, obtained a legal separation in 1973, and subsequently were divorced in 1974. A voluntary partition of community property perfected by the parties in 1973 makes no mention of Clifford Dedon's Air Force retirement benefits. Kathryn Dedon filed this suit in 1979, asserting a community interest in these benefits, as the defendant became fully vested in and entitled to them during the existence of the community regime.
Clifford Dedon filed an exception of no cause of action to his former wife's suit, arguing that the federal supremacy clause prohibited application of Louisiana's community property law to military retirement pay. The trial court and court of appeal, 390 So.2d 937, sustained this exception, relying on Hisquierdo v. Hisquierdo, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), which held that retirement benefits under the Railroad Retirement Act of 1974, 45 U.S. C.A. § 231 et seq. were not subject to California community property law. Following the more recent U.S. Supreme Court decision in McCarty, supra, we affirm.
The parties in McCarty were married in 1957 and legally separated in 1976. A judgment dissolving the marriage and dividing the community property of the spouses was rendered on November 23, 1977. Over Richard McCarty's objection, the trial court held that his military pension and retirement rights were subject to division as quasi-community property and awarded Patricia *905 McCarty an interest in any benefits eventually paid to McCarty on his retirement from the Army.
Richard McCarty sought review of that portion of the judgment granting his former wife an interest in the retired pay. The trial court's ruling was affirmed by the California Court of Appeal, First Appellate District. The California Supreme Court denied McCarty's petition for hearing.
The U.S. Supreme Court granted certiorari and reversed the lower court, finding that the conflict which existed between the California community property law and the federal military retirement statutes threatened grave harm to clear and substantial federal interests.[1] Accordingly the Court held that federal law precludes a state court from dividing military retirement benefits pursuant to state community property laws.
This clear pronouncement in McCarty dictates the result in the instant case. The federal scheme of military retirement benefits pre-empts state community property law. Under that scheme, Kathryn Dedon is not entitled to an interest in military retired pay received by her husband. The judgments of the trial court and the court of appeal are, therefore, affirmed.
This case was consolidated for argument with the case Norsworthy v. Norsworthy, La., 397 So.2d 796. The decision of the U.S. Supreme Court in McCarty is equally controlling in that suit, which is factually indistinguishable from Dedon on all pertinent points. Accordingly, the judgment of the court of appeal denying Mrs. Jette Norsworthy a community interest in her husband's military retired pay is also affirmed.
AFFIRMED.
WATSON, J., concurs on the basis of the U.S. Supreme Court opinion but personally adheres to the views expressed in Swope v. Mitchell, 324 So.2d 461 (La.App. 3 Cir. 1975).
NOTES
[1] According to the Court in McCarty, the military retirement scheme confers no entitlement to retired pay upon the retired member's spouse and does not embody even a limited community property concept. The language, structure and history of the statutes clearly demonstrate that retired pay is the personal entitlement of the retiree.

The objectives of the military retirement scheme, to provide for the retired service member and to serve as an inducement for enlistment and re-enlistment and an encouragement to orderly promotion and a youthful military, would be potentially frustrated by community property division of retirement benefits.