408 So.2d 359 (1981)
Michelle R. ROGERS
v.
Irving F. ROGERS.
No. 14083.
Court of Appeal of Louisiana, First Circuit.
December 22, 1981.
John A. Exnicios, New Orleans, for plaintiff and appellee.
Roger I. Dallam, Gretna, for defendant and appellant.
Before LOTTINGER, EDWARDS and PONDER, JJ.
LOTTINGER, Judge.
This matter was remanded to this court "for reconsideration in light of Norsworthy v. Norsworthy, 404 So.2d 904, and Dedon v. Dedon, 404 So.2d 904." When this matter was initially before this court we affirmed the trial court's decision that military retirement benefits were community property. For a full statement of the facts see Rogers v. Rogers, 401 So.2d 406 (La. App. 1st Cir. 1981).
The Louisiana Supreme Court in Dedon v. Dedon and Norsworthy v. Norsworthy, 404 So.2d 904 (La.1981) following the decision of McCarty v. McCarty, ___ U.S. ___, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) held that military retirement benefits did not constitute community property. Therefore we are compelled to reverse the decision of the trial court.
We are still of the opinion that a notary must be appointed to effect a partition of all community assets in accordance with law.
Therefore, for the above and foregoing reasons, our original decision as it relates to *360 the community nature of military retirement benefits is overruled and set aside, and the decision of the trial court as it relates thereto is reversed. In all other respects the original decision of this court is maintained except that the costs of the appeal are now taxed to appellee.
REVERSED AND REMANDED.