441 So.2d 485 (1983)
Joanne Lally ROHRING, Plaintiff-Appellee,
v.
Thomas Albert ROHRING, Defendant-Appellant.
No. 15836-CA.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1983.
*486 Powell & Wilson by Michael W. Powell, Shreveport, for defendant-appellant.
Freyer & Fox by Gary L. Fox, Shreveport, for plaintiff-appellee.
Before HALL, JASPER E. JONES and FRED W. JONES, Jr., JJ.
HALL, Judge.
In this action for partition of community property, the former husband appealed from that part of the district court judgment awarding the former wife 42.3 percent of the former husband's military retirement benefit payments commencing February 1, 1983.
The wife filed suit for separation on June 2, 1980. Judgment of separation was rendered December 5,1980, and a divorce judgment was rendered August 11, 1981. Her petition for partition of the community property was filed November 24, 1981.
After trial, in excellent and comprehensive written reasons for judgment, filed March 28,1983, the district court found that the husband entered the armed services in 1947 while domiciled in New York. The parties were married on July 6,1953. They moved their domicile to California in 1962, where it remained until they moved to Louisiana in April 1974. The husband was discharged from the service on December 31, 1974.
The district court held that under Pub.L. 97-252, Title X, § 1002(a), 10 U.S. C.A. § 1408(c)(1), effective February 1, 1983, which legislatively overruled McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), a court may treat military retirement pay either as property solely of the retired member or as property of the member and his spouse in accordance with the applicable state law. Under Louisiana law, absent federal preemption, military retirement pay is community property. Sims v. Sims, 358 So.2d 919 (La.1978); T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1976); Rasbury v. Baudier, 410 So.2d 262 (La.App. 4th Cir.1982); Rogers v. Rogers, 401 So.2d 406 (La.App. 1st Cir. 1981), on remand 408 So.2d 359; DeDon v. DeDon, 390 So.2d 937 (La.App. 2d Cir.1980), affirmed 404 So.2d 904 (La.1981); Swope v. Mitchell, 324 So.2d 461 (La.App. 3d Cir. 1975). California law is the same. In Re Marriage of Buikema, 139 Cal.App.3d 689, 188 Cal.Rptr. 856 (App.1983); In Re Marriage of Brown, 15 Cal.3d 838, 126 Cal.Rptr. 633, 544 P.2d 561, 94 A.L.R.3d 164 (1976); Smith v. Lewis, 13 Cal.3d 349, 118 Cal.Rptr. 621, 530 P.2d 589 (1975); In Re Marriage of Fithian, 10 Cal.3d 592, 111 Cal.Rptr. 369, 517 P.2d 449 (1974). Finding no New York cases in point, the district court nevertheless held that the New York equitable distribution law would support the same result, that is, an award of one-half of the retirement benefits to the spouse. § 234 of the Domestic Relations Law of the State of New York.
The court further held that rights to the retirement benefits accrued continuously throughout the husband's period of service and that the wife's entitlement to benefits should be determined under the law of the states in which the parties were domiciled for the respective periods during which retirement benefits were accrued, in accordance with the formulas employed in T.L. James & Co., Inc. v. Montgomery, supra, and Swope v. Mitchell, supra.
*487 Finding that except for the husband's four years of service prior to his marriage to the wife, the wife would be entitled to 50 percent of the husband's retirement pay under the laws of each state in which they were domiciled during the husband's 22 years of service after the marriage, the district court awarded the wife ½ of 22/26, or 11/26, or 42.3 percent of the retirement benefit payments. Judgment was rendered accordingly.
On appeal, the former husband complains only that the district court erred in finding that the parties' domicile was changed from New York to California and that the district court erred in finding that the wife would be entitled to an interest in the retirement benefits under the law of New York, which does not have a community property regime. The former husband argues that his domicile was in New York at the time he entered the service and remained there until he moved to Louisiana a few months prior to his retirement. It is argued that since New York is not a community property state, the wife is not entitled to that percentage of the retirement benefits which accrued while the parties were domiciled in New York, and is only entitled to the small fraction of the benefits which accrued after the parties moved to Louisiana.
The evidence supports the trial court's finding that the parties moved to California and established their legal domicile there in 1962. Military records in evidence reveal that from 1953 to 1962 the husband listed his home of record and permanent address as being in the state of New York. Beginning January 30, 1962, however, his home of record was listed as an address in Fairfield, California. The parties purchased a home in Fairfield in 1962. The husband mentioned in his testimony at trial that they lived in New York until they "resided in California." Although the burden of proof was on the wife to show a change in domicile, that burden was met and the trial court's finding in that regard is supported by the evidence and is not manifestly erroneous.
Neither party clearly established the applicable New York law. New York does not have a community property regime. Susan W. v. Martin W., 392 N.Y.S.2d 957, 89 Misc.2d 681 (1977). New York adheres to the doctrine of equitable distribution of property. Section 234 of the Domestic Relations Law of the State of New York allows the court to "... make such direction, between the parties, concerning the possession of property, as in the court's discretion justice requires having regard to the circumstances of the case and of the respective parties."
No New York cases dealing with distribution of military or any other retirement benefits upon separation or divorce have been cited by the parties or discovered by the district court or this court. It appears, however, that the courts of numerous states which have equitable distribution laws have recognized a spouse as entitled to one-half of the other spouse's military retirement benefits. Some equitable division states have reached a contrary result. See annotation, "Pension Or Retirement Benefits As Subject To Award Or Division By Court In Settlement Of Property Rights Between Spouses", 94 A.L.R.3d 176, § 13 (1979), and cases cited therein.
Where the law of another state is not established, it may be presumed that the law of that state is the same as that of Louisiana. Succession of Gibson, 186 La. 723, 173 So. 185 (1937); Sobberri v. Cookston, 438 So.2d 688 (La.App. 2d Cir.1983); Franks v. Louisiana Health Ser. & Indem., 382 So.2d 1064 (La.App. 2d Cir.1980).
The district court's award to the wife of one-half of the retirement benefits attributable to the period of service while the parties were domiciled in New York is justified under the court's reasonable interpretation of New York law and, in any event, is justified by the application of Louisiana law in the absence of proof that the law of New York is contrary to Louisiana law.
*488 For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.