449 So.2d 557 (1984)
Katherine Bridges JETT
v.
John Alfred JETT, Sr.
No. 83 CA 0488.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Rehearing Denied May 21, 1984.
Joseph H. Simpson, Amite, for plaintiff-appellee.
J.R. Schmidt, Hammond, for defendant-appellant.
Before LOTTINGER, EDWARDS and WATKINS, JJ.
WATKINS, Judge.
The husband-appellant appeals from a decision of the trial court awarding the wife-appellee fifty percent of the husband's military retirement benefits.
The facts found in the record which are relevant to this appeal are as follows: *558 Katherine Bridges and John Jett, Sr. were married on January 2, 1956. On January 14, 1980, Mrs. Jett filed a petition for separation and was awarded a judgment on March 28, 1980. The spouses were declared to be co-owners in indivision of all community property. Later, on August 26, 1980, a petition for the settlement of the community was filed and on January 6, 1983, the husband filed a suit for divorce which was granted the same day. Subsequently, on February 14, 1983, the trial court issued a judgment partitioning the community property. In this judgment, the trial judge ruled that the wife was entitled to receive fifty percent of the husband's military retirement benefits. It is from this judgment that the husband appeals.
The husband grounds his position on the holding of the United States Supreme Court in McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 68 L.Ed.2d 589 (1981), which was decided after the filing by Mrs. Jett of her petition for separation on January 14, 1980. In McCarty, the Supreme Court held that the federal scheme of military retirement benefits pre-empts state community property law, and that the federal law precludes a state court from dividing military retirement benefits pursuant to state community property laws. The McCarty case was cited as controlling by our Supreme Court in Dedon v. Dedon, 404 So.2d 904 (La.1981).
Subsequent to the McCarty decision, and before the disposition of this case at the trial level, the United States Congress enacted Public Law 97-252, Title X, Section 1002(a), 10 U.S.C.A., Section 1408(c)(1), effective February 1, 1983. Among other things, this act provided that a court may treat military retirement pay either as property solely of the retired member, or as property of the member and his spouse in accordance with applicable state law. This law legislatively overruled McCarty. Thus, McCarty was controlling for only a brief period beginning after the community was dissolved by the filing of the suit for separation and ending before the judgment partitioning the community was rendered on January 6, 1983.
In the very recent case of Rohring v. Rohring, 441 So.2d 485 (La.App. 2d Cir. 1983), the court discussed the McCarty holding in light of the above Congressional enactment and concluded that a court is permitted to treat military retirement pay in accordance with applicable state law, and that in Louisiana military retirement pay is community property. We agree the former conclusion is mandated by the Congressional enactment and the latter by Louisiana jurisprudence. Sims v. Sims, 358 So.2d 919 (La.1978); T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1976); Rasbury v. Baudier, 410 So.2d 262 (La. App. 4th Cir.1982); Rogers v. Rogers, 401 So.2d 406 (La.App. 1st Cir.1981), on remand 408 So.2d 359; DeDon v. DeDon, 390 So.2d 937 (La.App. 2d Cir.1980), affirmed 404 So.2d 904 (La.1981); Swope v. Mitchell, 324 So.2d 461 (La.App. 3d Cir.1975). Thus, the husband's retirement pay was community property at the time the suit for separation was filed, and at the time the judgment awarding the wife fifty percent of the benefits was rendered, as we have stated.
Because we find no error in the decision of the trial judge, we affirm the decision below at appellant's cost.
AFFIRMED.