456 So.2d 691 (1984)
Charlotte Hofmann Inzinna, wife of Joseph John INZINNA
v.
Joseph John INZINNA.
No. 83-CA-853.
Court of Appeal of Louisiana, Fifth Circuit.
September 11, 1984.
Rehearing Denied October 17, 1984.
Writ Denied December 7, 1984.
*692 Michael G. Fanning, Harahan, for Charlotte Hofmann Inzinna.
David H. Seelig, New Orleans, for Joseph John Inzinna.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
BOWES, Judge.
Appellant Joseph John Inzinna has taken this appeal from a judgment of the District Court in a suit for partition of community property, decreeing that appellee Charlotte Hofmann Inzinna is entitled to one-half of the community's share of her former husband's military service pension and to one-half of the community's share of his military life insurance policy. The judgment was amended after a motion for a new trial and on motion of plaintiff to reflect a stipulation by the parties that Mrs. Inzinna's share of the above items would be placed at 37.5%. There is nothing in the record to suggest that plaintiff and defendant also stipulated as to the character or classification of the property in question. Rather, it appears that the agreed-upon percentage *693 was merely the result of a compromise growing out of the fact that Mr. and Mrs. Inzinna were married only sixteen years of the twenty during which the pension accrued.
Joseph Inzinna enlisted in the United States Air Force in April, 1947. He and plaintiff were married in May, 1953. Mr. Inzinna retired from military service in 1969, while still married; the couple were divorced in May, 1980.
A consent judgment partitioning all of the community property, except for the military pension and life insurance, was reached in August, 1983; those two items were submitted to the court for a judicial determination as to their designation as separate or community. It is from that decision of the court that defendant appeals, outlining the following issues:
1. Does Appellee have a right to a community interest in the Military Pension of Appellee?
2. Does Appellee have a community right to the Disability Pension granted Appellee?
3. Can the Court enforce an Order requiring that Appellant maintain a life insurance policy issued by the United States Government on the life of Appellant, in full force and effect, with the Appellee's only interest therein death benefits payable under said policy at the time of Appellant's death?
It is clear from the wording of 10 U.S.C. § 1408, the applicable statute,[1] that "disposable retired or retainer pay" excludes disability pay, and Mrs. Inzinna is not entitled to any portion of the pension which constitutes such disability pay.
The statute also permits courts of the individual states to treat the disposable retired pay as community or separate property according to the law of the particular jurisdiction.[2] This section as amended, effective on February 1, 1983, reverses the Supreme Court decision of McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed. 589 (1981), which decision held that military pensions were "personal entitlements", (i.e., not community property) and on which appellant has partially relied.
Our brothers in the First and Second Circuits have recently held that in light of the aforementioned Congressional enactment, a court may treat military retirement pay in accordance with applicable state law, and that in Louisiana such retirement pension is community property.[3] We agree. Louisiana jurisprudence has long held that the non-employed spouse has an interest in proceeds from such retirement annuities. See Sims v. Sims, 358 So.2d 919 (La.1978) for Justice Tate's discussion of the history of such pensions as community property.
Moreover, counsel for appellee, in oral argument, emphasized that Mrs. Inzinna seeks an interest only in those payments accruing subsequent to February 1, 1983.
Since that is the date on which the amendment to 10 U.S.C. 1408 became effective, as previously stated, it is evident that appellee is clearly entitled to an interest in said payments as a matter of law.
The insurance policy in question was acquired by defendant prior to his marriage and is therefore his separate property. A community claim in such a case is supportable only when the cash surrender value of the policy has increased during the community's existence, and then only for one-half the extent of the increase *694 in such cash surrender value. The proceeds of a life insurance policy are not subject to community claims, but pass by virtue of the contractual agreement between insured and insurer to the named beneficiary. T.L. James & Co. Inc. v. Montgomery, 332 So.2d 834 (La.1976).
The judgment is therefore amended to state that Ms. Inzinna is entitled, in view of the above-cited law and the stipulation, to one-half the extent of the increase in cash value during the community's existence or 37.5 per cent of the actual cash value of the National Service Life Insurance Policy.
We agree with the astute observation of the trial judge, as expressed in his reasons for judgment, except as indicated above. Accordingly, the judgment of the trial court is affirmed as amended. Costs of this appeal are taxed to appellant.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] 10 U.S.C. § 1408(a)(4) states in part:

(4) "Disposable retired or retainer pay" means the total monthly retired or retainer pay to which a member is entitled (other than the retired pay of a member retired for disability under chapter 61 of this title) ...
[2] 10 U.S.C. § 1408(c)(1) states:

(c)(1) Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.
[3] Jett v. Jett, 449 So.2d 557 (La.App. 1st Cir. 1984) and Rohring v. Rohring, 441 So.2d 485 (La.App. 2nd Cir.1983).