483 So.2d 181 (1986)
Taeka T. ROSE, Plaintiff-Appellant,
v.
Franklyn D. ROSE, Defendant-Appellant.
No. 17484-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1986.
*182 Levy & Shealy by S. Andrew Shealy, Ruston, for defendant-appellant.
Napper, Waltman, Madden & Rogers by R.H. Madden, III, Ruston, for plaintiff-appellee.
Before JASPER E. JONES, SEXTON and LINDSAY, JJ.
LINDSAY, Judge.
Defendant, Franklyn D. Rose, appeals the trial court judgment recognizing the validity of a community property settlement agreement and the amendment thereto, entered into between the defendant and plaintiff-appellee, Taeka T. Rose. The amendment to the settlement agreement provides that the plaintiff shall receive "7/20 of the gross amount of each and every military retirement pension check" received by the defendant. We affirm the trial court's decision and remand for the limited purpose of allowing the trial court to receive evidence to determine the portion of the defendant's military retirement benefits to which the 7/20 is to be applied.
Franklyn D. and Taeka T. Rose were married on August 11, 1958. A judgment granting a separation to the parties was signed on February 17, 1977 in the Third Judicial District Court of Lincoln Parish, Louisiana. This terminated any community then existing between the parties. A community property settlement agreement was subsequently executed on April 12, 1977. This agreement did not mention the defendant's military retirement pension.
The parties were divorced by virtue of a judgment signed on April 12, 1979, again in Lincoln Parish. This judgment apparently awarded alimony to the plaintiff for her support. On the same day that the judgment was signed, the parties executed an amendment to the community property settlement agreement, providing for the disposition of the defendant's military retirement checks. The amendment stated that Mrs. Rose would receive 7/20 of the gross amount of each military retirement pension check beginning May 1, 1979, with like payments continuing thereafter.
Mr. Rose entered the military in 1952 and retired in 1972, after approximately 20 years of service. The parties were married for 14 of those years. The parties agreed that Mrs. Rose would receive one-half of the amount that would be considered community property for those 14 years. Thus, the figure of 7/20 (one-half of 14/20) was the amount determined to be an equitable allocation to the plaintiff of the military retirement pension checks received by the defendant.
*183 At the time the parties executed this amendment, they also agreed that Mrs. Rose was owed an additional amount for her interest in past military retirement benefits which had been received by Mr. Rose from the time of the parties' separation judgment through the date of the amendment. This amount was made due by the execution of a promissory note by Mr. Rose payable to Mrs. Rose. The defendant made payments to the plaintiff under the terms of the amendment until November 1, 1981, when he ceased making payments.
Thereafter, apparently due to the defendant's filing of a rule to terminate alimony and the plaintiff's filing of a suit to recover amounts owed under the promissory note, the parties appeared before the trial court on October 15, 1982. At that time, the parties agreed that Mr. Rose would pay $750 in settlement of any claims Mrs. Rose had with respect to the promissory note. The parties also agreed to the termination of the payment of alimony from Mr. Rose to Mrs. Rose. The question of Mrs. Rose's right to continue receiving a portion of Mr. Rose's military retirement benefits was not resolved at this hearing.
Mrs. Rose then instituted this suit on May 18, 1983 seeking a judgment enforcing the amendment agreement between the parties. The primary issue at the trial held on August 25, 1983 was the plaintiff's right to receive payments in accordance with the amendment, beginning November 1, 1981 and continuing thereafter.
The trial court rendered a written opinion on February 1, 1985 and a judgment in accordance therewith was signed February 12, 1985. In its opinion, the court found that the community property settlement agreement and its amendment were valid. The court noted that under Louisiana law, military retirement pay is community property and the parties' agreement to distribute this property would be enforced. The defendant was ordered to pay the plaintiff the amounts owed from November 1, 1981 through the date of the judgment and to continue to comply with the agreement thereafter.
The defendant then moved for a new trial for the sole and exclusive purpose of consideration of his original trial brief. The defendant's motion was granted and after considering the trial brief, the court ruled that its original judgment was correct and should be maintained as written. The defendant was then granted a suspensive appeal from the final judgment signed April 8, 1985.
The defendant argues on appeal that the trial court erred in holding that the military retirement pay attributable to his years of service in the armed forces was community property. He contends that the United States Supreme Court case of McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), which holds that the federal scheme of military retirement benefits preempts state community property laws, should be applied retroactively to this case. Under this authority, he claims he is entitled to consider the military retirement benefits as his separate property.
The defendant's contention, however, is without merit. As noted by the trial court, the "Uniformed Services Former Spouses Protection Act" Pub.L. No. 97-252, Title X, § 1002(a), 10 U.S.C.A. § 1408(c)(1) effective February 1, 1983, legislatively overruled McCarty v. McCarty, supra. In pertinent part, this statute provides:
(c)(1) Subject to the limitations of this section, a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.
It was noted in Simmons v. Simmons, 453 So.2d 631 (La.App. 3d Cir.1984) writ denied 458 So.2d 476 (La.1984) at page 633 that:
It is thus clear that Congress intended 10 U.S.C. § 1408 to have retrospective application in such a manner that would totally eliminate the McCarty decision and thus allow state courts to render judgments which were consistent with *184 the decisions issued prior to the McCarty case.
This reasoning is consistent with an earlier opinion rendered by this court, Rohring v. Rohring, 441 So.2d 485 (La.App. 2d Cir. 1983), which recognized at page 486 that "Under Louisiana law, absent federal preemption, military retirement pay is community property." Sims v. Sims, 358 So.2d 919 (La.1978); T.L. James & Co., Inc. v. Montgomery, 332 So.2d 834 (La.1976).
Therefore, the trial court correctly found that the defendant's military retirement pay was properly characterized as community property. The amounts owed to the plaintiff which began to accrue in November, 1981 are within the time frame established by Congress for the classification of funds as governed by the applicable state law.
The defendant argues further, however, that pursuant to Rohring, supra, the non-military spouse's entitlement to military retirement benefits should be determined in accordance with the laws of the state in which the parties were domiciled during the period or periods in which the benefits accrued. He contends that no information was presented to the trial court concerning the parties' domiciles. No evidence was presented at trial nor was a finding made on this issue by the trial court. Rohring, supra at page 487, however reveals that "Where the law of another state is not established, it may be presumed that the law of that state is the same as that of Louisiana," citing Succession of Gibson, 186 La. 723, 173 So. 185 (1937); Sobberri v. Cookston, 438 So.2d 688 (La.App. 2d Cir.1983) writ denied 442 So.2d 459 (La.1983); Franks v. Louisiana Health Services & Indem., 382 So.2d 1064 (La.App. 2d Cir.1980). Thus, absent the filing in evidence the law of another state upon which a party relies, and absent any proof that the law of another state would be to the contrary, the trial court was justified in its application of Louisiana law to this issue.
The defendant next contends that the trial court erred in holding that the community property settlement agreement and the amendment thereto were valid and dispositive of the case. He argues that an "error" existed as to the principal cause of the agreement and that such error vitiated his consent to the execution of the amendment concerning the disposition of his military retirement benefits. He asserts that it was his "mistaken belief" at the time of the amendment that such retirement pay was community property. He now contends that these benefits are his separate property and that he should be entitled to the return of all funds erroneously paid Mrs. Rose under the amendment to their settlement agreement.
As noted previously, the trial court correctly found that the defendant's military retirement benefits were community property, both at the time of the execution of the amendment, which was prior to the McCarty decision, and subsequent to that decision, due to the retroactive application of 10 U.S.C.A. § 1408(c)(1). Thus, there was no "error" to vitiate the defendant's consent to the amendment. The trial court's finding that the amended community property settlement agreement was a valid and enforceable contract was correct as the requisites for the formation of a valid contract were present. The parties were capable of contracting, they consented to the amendment, and there existed a lawful cause and a determined object.
The defendant next challenges the trial court's determination that there was not an agreement between the parties to vary the amendment to the community property settlement agreement. He argues that at the hearing on October 15, 1982, in addition to terminating his obligation to pay alimony to Mrs. Rose and the payment of $750 in full settlement of the claims between the parties with regard to the aforementioned promissory note, the parties also agreed to the dismissal of all claims between them in connection with the amendment. Defendant asserts that at that time, Mrs. Rose reserved her right to seek an interest in the *185 military retirement benefits only from the date of a subsequent change in the decision of McCarty v. McCarty, supra. The defendant claims that the instant suit is only a reiteration of Mrs. Rose's previous demands.
However, as noted by the plaintiff, the issue of Mrs. Rose's right to continue receiving a portion of the defendant's military retirement benefits was never resolved at the hearing on October 15, 1982. This is supported by the testimony of several witnesses at the trial in the instant suit. Mr. Robert Sharp, the former counsel for Mr. Rose, testified that the basis for the appearance in court on October 15, 1982 was for the disposition of two matters. One was to cancel the defendant's obligation of paying alimony to Mrs. Rose and the other was to settle the amount owed on the promissory note in connection with past due military retirement benefits. A reconventional demand had also been filed by the defendant against Mrs. Rose pursuant to the McCarty decision, supra, seeking to recoup all military retirement benefits paid to her. Mr. Sharp testified that Mr. Rose agreed to dismiss his reconventional demand and that Mrs. Rose would agree to the dismissal of her lawsuit for the missed military retirement benefits. He explained, however, under cross examination that the right of Mrs. Rose to receive military retirement benefits other than those accrued under the promissory note was not an issue that was considered at this hearing.
Mr. Rose also testified that only his suit to terminate alimony, his reconventional demand against Mrs. Rose, and her suit to recover money owed under the promissory note were conclusively dealt with at this hearing. He noted further that the question of Mrs. Rose's right to receive a portion of his military retirement pay had never been litigated in the trial court until the present suit.
Also introduced into evidence was a letter from Mrs. Rose's attorney to Mr. Sharp prior to the October 15 hearing in which it was noted that all proceedings with respect to Mrs. Rose's claim for a portion of military retirement benefits would be suspended at that time without prejudice to either party.
The trial court thus had sufficient evidence before it upon which to base its conclusion that the amendment to the community property settlement agreement was not altered. The trial court's determination of this factual issue should not be disturbed by this court in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), Canter v. Koehring, 283 So.2d 716 (La.1973).
The defendant's final argument concerns a determination of the actual amount owed to the plaintiff by the defendant. He asserts that 10 U.S.C.A. § 1408 provides that disposable retired pay should not include disability retirement pay, federal employment taxes and withholdings for federal, state and local taxes. Defendant also contends that Mrs. Rose should not be allowed to share in any cost of living or inflationary increases.
The plaintiff on the other hand contends that the actual amount owed to her or the manner of calculation was never before the trial court and should not be considered by this court on appeal. She notes the stipulation made at trial that the defendant had not made payments to her under the amendment to the settlement agreement since November of 1981.
The trial court, moreover, did not make any findings with respect to the issue of the total amount owed to the plaintiff. The court also noted the stipulation and ordered the defendant to pay 7/20 of the gross amount of each and every military retirement pension check received by him from November 1, 1981 and continuing thereafter. Thus, the trial court simply recognized the validity of the amendment to the settlement agreement and ordered its enforcement.
There is insufficient information in the record for this court to determine the actual amount owed to the plaintiff. Therefore, this case must be remanded to the *186 trial court for the taking of evidence in order that a full determination can be made as to what amounts received by the defendant are to be paid to the plaintiff in accordance with the parties' agreement. Evidence of amounts received by the defendant from November 1981, through the present, showing all deductions and the reasons therefore, will enable the trial court to set an exact amount that should be paid to the plaintiff, both presently and for amounts past due. The effects of the status of the defendant's VA disability benefits and deductions for taxes should also be considered. Once these issues have been resolved, the trial court can set the amount subject to the defendant's agreement to pay 7/20 of the "gross amount of each and every military retirement pension check" to the plaintiff.
The finding of the trial court that the agreement between the parties is valid and enforceable is without error, thus, we affirm the trial court's decision in that respect. However, the case is remanded for a determination of the issue of the actual amount owed the plaintiff under this agreement and its amendment.
AFFIRMED IN PART AND REMANDED.