NORRIS, Judge.
This case involves a community property settlement dispute on appeal from a decision rendered on remand from this court. The parties, Taeko and Franklyn Rose, were married August 11, 1958. Mr. Rose served in the military from 1952 to 1972 and was married to plaintiff during 14 of those 20 years of service. The parties were legally separated February 17, 1977, and executed a community property settlement on April 12, 1977. This agreement did not mention Mr. Rose’s military retirement pension.
On April 12,1979, the date of the parties’ divorce, Mr. and Mrs. Rose executed an amendment to the community property settlement which provided for the disposition of Mr. Rose’s military retirement pay. In the amendment the parties agreed Mrs. Rose would receive “%o of the gross amount of each and every military retirement pension check.” Mr. Rose paid his former wife V20 of his gross military retirement pay from May 1979 through October 1981. In 1981 he ceased the payments, on the grounds that McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981),[1] invalidated the amended agreement.
May 18, 1983, Mrs. Rose filed suit to enforce this agreement. The trial court found the agreement and its amendment to be valid, and ordered Mr. Rose to comply with the agreement and pay the amounts owed from November 1, 1981 through date of judgment. Mr. Rose appealed to this court, arguing that the trial judge erred in finding that a portion of his military retirement pay was community property. In Rose v. Rose, 483 So.2d 181 (La.App.2d Cir.1985), writ not considered 484 So.2d 665 (La.1985), this court found that Mr. Rose’s military retirement pay was properly characterized as community property, that there was no error of law to vitiate Mr. Rose’s consent to the amended agreement, and that the trial judge was correct in finding the amended community property settlement awarding Mrs. Rose %o of his gross military retirement pay was a valid and enforceable contract. We recognized that the record contained insufficient information to determine the actual amounts owed Mrs. Rose under the agreement. We remanded the case to the trial court for evidence that would show what the parties intended by “gross amount” and what Mrs. Rose was owed both presently and for amounts past due.
On remand an accounting of Mr. Rose’s military retirement pay from May 1979 to July 1987 was introduced. It listed the gross amount of Mr. Rose’s military retirement check (his gross military retirement pay), the amount of retirement pay attributed to disability pay, the deductions for insurance and taxes, and the amount of each check paid to Mrs. Rose. The record shows that from May 1979 through October 1981 Mr. Rose had consistently paid V20 of his gross military retirement pay, and Mrs. Rose accepted it. The court below found that the language of the contract should be enforced and Mrs. Rose awarded ⅛ of the gross, rather than the disposable, military retirement pay as defined by 10 U.S.C.A. § 1408 (USFSPA). The court found that the past due amount owed Mrs. Rose under the agreement was $20,261.50, and that the future payments should be based on %o of the gross amount of each and every retirement check.
Mr. Rose appeals, arguing that 10 U.S.C. A. § 1408(a)(4) allows the state to treat only a spouse’s “disposable retirement *1169 pay” as community property, and thus prohibits disability benefits and amounts withheld for federal, state, or local income tax purposes from being considered community property. He urges a recalculation of the past and future amounts owed Mrs. Rose under the agreement. We affirm.
The USFSPA does not prohibit former spouses from agreeing in a community property settlement to divide a service spouse’s gross rather than disposable military retirement pay.[2] The validity of this agreement has already been upheld, with this court specifically finding that the amended community property settlement was a valid and enforceable contract. The issues on remand and before us now are what the parties intended by their designation of “the gross amount of each and every military retirement pension check” and what Mrs. Rose is owed under the agreement both presently and for amounts past due.
Contracts must be construed in such a way as to lead to logical conclusions and to give effect to the obvious intention of the parties. When there is anything doubtful in agreements, we must ascertain the common intention of the parties. Franks Petroleum Inc. v. Mayo, 438 So.2d 696 (La.App.2d Cir.1983). Here, the best way to ascertain the intent of the parties is to examine their initial compliance with the contract. LSA-C.G. art. 2053. For over two years Mr. Rose paid V20 of his gross retirement pay, and Mrs. Rose accepted this amount as her proper share. Only upon learning of McCarty did Mr. Rose discontinue paying %o of the gross amount of the check, and this ultimately led to the instant litigation. The parties unquestionably intended to pay and receive V20 of the gross amount.
We conclude that the trial judge did not err in awarding Mrs. Rose $20,261.50 for past due payments and V20 of the gross amount of each and every military retirement check Mr. Rose receives.
Finding no error that merits reversal, we affirm the judgment of the court below.
Costs of this appeal are assessed to the appellant.
AFFIRMED.

. When this agreement and its amendment were entered into, Louisiana courts treated a former spouse’s military retirement pay as community property. Sims v. Sims, 358 So.2d 919 (La. 1978). In 1981 the United States Supreme Court held that military retirement benefits were not subject to a community property regime. McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). In 1982 Congress enacted the Uniformed Services Former Spouses Protection Act (USFSPA) with the express intent of legislatively overruling McCarty. 10 U.S.C.A. § 1408; Scott v. Scott, 519 So.2d 351 (La.App.2d Cir.1988); Simmons v. Simmons, 453 So.2d 631 (La.App.3d Cir.1984), writ denied 458 So.2d 476 (La.1984). Our courts have held that the USFSPA has retroactive effect, and Louisiana continues to treat military retirement pay as community property. Rohring v. Rohring, 441 So.2d 485 (La.App.2d Cir.1983); Simmons v. Simmons, supra.

. See Grier v. Grier, 731 S.W.2d 931 (Tex.1987); Casas v. Thompson, 42 Cal.3d 131, 228 Cal.Rptr. 33, 720 P.2d 921 (Cal.1986); Scott v. Scott, 519 So.2d 351 (La.App.2d Cir.1986); and Campbell v. Campbell, 474 So.2d 1339 (La.App.2d Cir.1985), writ denied 478 So.2d 148 (La.1985); but see also Inzinna v. Inzinna, 456 So.2d 691 (La. App.3d Cir.1984), writ denied 461 So.2d 317 (La.1984); and the dissent in Campbell v. Campbell, supra.