JOHN A. PATIN, Judge Pro Tem.
Appellant, Billy T. Wright, married ap-pellee Judy Taylor, on June 2, 1964 in Tuscaloosa, Alabama, while on active duty with the United States Army. In April of 1980 appellant retired from the U.S. Army with 20 years and 2 months of service to his credit. On April 25, 1983 appellee filed a petition for legal separation, resulting in a Judgment of legal separation, based on mutuality of fault, on December 14, 1983. A judgment of divorce was rendered December 3, 1985, and signed March 21, 1986. That judgment of divorce, drawn by and approved in form and content by counsel for appellee awarded appellee, “forty (40%) per cent of the disposable retired or retainer pay of Billy T. Wright’s retirement from the United States Army, in accordance with the provisions of 10 U.S.C.A. 1408.”
On October 22, 1987 appellee filed suit seeking a money judgment for “her interest in the disposable retired pay” of appellant. In her petition for money judgment appellee claimed she was entitled to forty per cent of appellant’s disposable retired pay, allegedly $305.94, multiplied by the number of months over which appellant had not paid her this amount. Appellant claimed that appellee had no right of action because over the period of time alleged by appellee, he was not receiving retirement benefits or retired pay from the United States Army but was receiving disability benefits from the Veterans Administration of the U.S. Government for disability personal to him.
The case was heard on June 12, 1990 and resulted in judgment in favor of appellee and against appellant for $13,461.36 together with legal interest from date of judicial demand (October 22, 1987). Although the trial judge did not assign any written reasons for judgment, excerpts from the trial record, and one in particular disclose the basis for his decision. In rendering judgment for the appellee the trial judge noted:
I am of the opinion that in keeping with the ‘Campbell’ case that a disability income of this sort should be treated as subject to the community property regime. I would find that it is so and I would find that Mrs. Wright is entitled to judgment ...
Before we discuss Campbell v. Campbell, 474 So.2d 1339 (La.App. 2d Cir.1985), writ denied 478 So.2d 148 (La.1985), we will examine the statutes at issue here.
In 1981, the United States Supreme Court held that military retirement benefits were not subject to state community property laws. McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). In making that decision the court not only relied on federal statutes, then governing military retirement pay, it also relied on certain policies which it found to underlie the military retirement scheme. The court found that treating such pay as community property would do clear damage to important military personnel objectives. Furthermore, the court found that Congress intended military retirement pay for the veteran and no one else. Lastly, the court noted that Congress had refused to pass legislation to allow former spouses to garnish military retirement pay to satisfy property settlements.
In response to McCarty, supra, Congress enacted the Uniformed Services Former Spouses’ Protection Act (Act), 10 U.S.C.A. § 1408, to authorize state courts to treat “disposable retired or retainer pay,” § 1408(a)(4) (1983 ed.) “subject to the limitations of (§ 1408) ... either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court ...,”§ 1408(c)(1) (1983 ed. and supp. 1991). However, as part of a balance creating new benefits for former spouses, while placing *1141 limits on state courts designed to protect military retirees, Congress originally chose to define “disposable retired or retainer pay” as:
... the total monthly retired or retainer pay to which a member is entitled (other than a member retired for disability under Chapter 61 of this title) less amounts which (B) are ... waived in order to receive compensation under ... title 38 (Veterans’ Benefits) 10 U.S.C.A. § 1408(a)(4) (1983 ed.).
The apparent exclusion of disability retirement pay from the definition of “disposable retired or retainer pay” caused a great many problems to our courts on the issue of whether they could apply state law to military disability retirement benefits. See discussion in Russell v. Russell, 520 So.2d 435 (La.App. 3d Cir.1987), cert den, 490 U.S. 1097,109 S.Ct. 2447,104 L.Ed.2d 1002.
It was under these circumstances that Campbell, supra, held that Federal law did not pre-empt state law in the area of Veterans Administration disability retirement benefits. However, this circuit and the Fifth Circuit felt that 10 U.S.C.A. § 1408(a)(4) (1983 ed.) did indeed create an area of Federal pre-emption regarding military disability retirement benefits. See Russell, supra and Inzinna v. Inzinna, 456 So.2d 691 (La.App. 5th Cir.1984), writ denied, 461 So.2d 317 (La.1984).
In 1986, Congress amended 10 U.S.C.A. § 1408(a)(4) to remove the “(other than the retired pay of a member retired for disability under Chapter 61 of this title)” language. We found that the new definition of disposable retired or retainer pay clearly indicated that Congress intended to exclude from disposable retired or retainer pay benefits paid as compensation for a member’s disability. We held, therefore, that “all past, present and future benefits paid to Mr. Russell that are compensation for his disability are his separate property and not subject to community division.” Russell, supra at 438.
In 1989 the U.S. Supreme Court decided Mansell v. Mansell, 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989). Mansell involved a former husband’s request to modify a divorce decree by removing the provision that required him to share his total retirement pay with his former wife. The agreement had provided that Major Man-sell would pay Mrs. Mansell fifty percent of his total military retirement pay, including that portion of retirement pay waived so that Major Mansell could receive disability benefits. The United States Supreme Court noted that in 10 U.S.C.A. § 1408, it was presented with “one of those rare instances where Congress ha(d) directly and specifically legislated in the area of domestic relations.” 109 S.Ct. at 2028. After a detailed discussion of the background of 10 U.S.C.A. § 1408 the court noted that although § 1408(c)(1),
... grants state courts the power to divide military retirement pay, ... its language is both precise and limited ... The Act’s definitional section specifically defines the term “disposable retired or retainer pay” to exclude, inter alia, military retirement pay waived in order to receive veteran’s disability payments. § 1408(a)(4)(B). Id.
Thus, state courts had no authority under 10 U.S.C.A. § 1408, to treat as community property, military retirement pay that had been waived to receive veterans disability benefits.
The same circuit which rendered Campbell, supra, in light of all of these developments has more recently noted in Tarver v. Tarver, 557 So.2d 1056 (La.App. 2d Cir.1980), writ denied, 563 So.2d 877 (La.1990):
Although this court held, in Campbell, (supra), that a community property interest in retirement pay, including that portion of the benefits representing Veterans Administration disability pay received in lieu of retirement pay, was community property ... the United States Supreme Court in Mansell, (supra), has now made it clear that such benefits are not subject to state community property laws. See Inzinna (supra); Russell (supra).
We note that 10 U.S.C.A. 1408(a)(4)(B)’s definition of “disposable retired or retainer pay” prior to amendment excluded amounts “waived in order to receive *1142 compensation under ... title 38 (Veterans’ Benefits)” 10 U.S.C.A. § 1408(a)(4)(B) (1983 ed.), and after amendment excluded amounts which “... are deducted from ... retired pay ... as a result of a waiver of retired pay required by law in order to receive compensation under ... title 38 (Veterans’ Benefits)”. 10 U.S.C.A. § 1408(a)(4)(B) (1983 ed.).
The statute’s message is thus very clear. Amounts which are waived by a retiree so that he can receive compensation under title 38 (Veterans’ Benefits) are not to be considered “retired or retainer pay.” This is the clear meaning of this statute as evidenced by its language, its history and the relevant precedent. Thus we must hold that appellee has no right to those amounts of retirement benefits which the appellant waived so he could receive disability benefits from the Veterans Administration of the U.S. Government under Title 38 of the United States Code.
Appellee urges us, on appeal, to affirm that judgment based on a literal reading of the judgment of divorce, rendered December 3, 1985, and signed on March 21, 1986, as a contract.
The “parties,” appellee and appellant, chose to express themselves by appellant agreeing to pay and appellee agreeing to receive “disposable retired or retainer pay ... in accordance with the provisions of 10 U.S.C.A. § 1408.” The technical term “disposable retired or retainer pay” must be given its technical meaning, defined in 10 U.S.C.A. § 1408(a)(4), supra, to exclude the amounts appellee seeks.
Thus the contract (divorce judgment) by its “clear and explicit” words does not dictate that appellee is entitled to any portion of appellant’s disability benefits from the Veterans Administration of the U.S. Government under Title 38 of the United States Code.
We reverse that portion of the trial court’s judgment holding that appellee had a right to those amounts of retirement benefits which the appellant waived, in order to receive disability benefits from the Veterans Administration of the U.S. Government under Title 38 of the United States Code.
We affirm that part of the trial court’s judgment giving appellee a right to appellants retirement benefits, exclusive of those waived and remand for a determination of these various amounts.
Costs of appeal will be shared equally by appellant and appellee.
AFFIRMED in part, REVERSED in part, AND REMANDED in part.