|2CANNELLA, Judge.
At issue in this case is whether Louisiana community property law requires, following *1163 divorce after the parties’ second marriage to each other, a partition of military pension benefits earned during the parties’ prior marriage. The trial court concluded that benefits earned during the first marriage may not be partitioned in a proceeding arising out of the second marriage. We affirm.
The matter was tried on a joint stipulation of facts, which set out the following: John Edgecombe entered the United States Marine Corps in 1951. John Edgecombe and Ethel Morgan were married on February 9, 1956 in Winchester, Virginia. They established their matrimonial domicile in Altoona, Pennsylvania and lived there until May 12, 1957. They lived in Buras, Louisiana from May 12, 1957 to July 1, 1957. Subsequently, they moved several times as John Edge-combe’s job required. Ethel Morgan Edge-combe moved to Altoona, Pennsylvania on December 27,1964 and John Edgecombe was transferred overseas. The parties were divorced in the Court of Common ftPleas of Blair County, Pennsylvania on June 13,1966. John Edgecombe retired from the United States Marine Corps on June 30, 1971 and began receiving military retirement benefits at that time. The parties were married again on December 2, 1989 in Jefferson Parish Louisiana, where they established their matrimonial domicile. They were divorced on February 1,1993.
In his reasons for judgment the trial judge stated, in pertinent part:
The June 13, 1966 divorce decree did not treat the military benefits as community property, nor did it reserve jurisdiction to treat the plaintiffs military pay benefits as community property.
[[Image here]]
It is well-settled law that benefits payable by a retirement plan are an asset of the community, to the extent they are attributable to work performed during the community. As per the Joint Stipulation of Facts, Mr. Edgecombe entered the Marine Corps in 1951 and retired on June 30, 1971. He was not a member of the military at any time during the second marriage, which is the subject of this litigation. Therefore, since no portion of Mr. Edge-combe’s military work was performed during the community property years of 1989-1992, Ms. Edgecombe’s request to share in Mr. Edgecombe’s military pension plan is denied, as it is his separate property, earned and acquired prior to the 1989 marriage.
This case represents a unique situation, due to the fact that the parties were married during the period of time when the work was performed by Mr. Edgecombe, and the benefits accrued. However, the first and second marriages are quite separate and distinct. At issue here is only the community property from the second marriage, because we are precluded from considering the first community by the Uniformed Services Former Spouses’ Protection Act (“USFSPA”), 10 U.S.C.A. Section 1408(c)(1).
[[Image here]]
Because the final judgment of divorce terminating the first marriage between the Edgecombes was rendered before June 25, 1981, and because the judgment neither treated the military benefits as community property nor reserved jurisdiction to treat Mr. Edgecombe’s military pay benefits as community property of the first marriage.
Therefore, Ms. Edgecombe is barred from the military benefits from the first marriage because of the USFSPA; and she has no right of action to the benefits via the second marriage’s petition because the benefits are not attributable to work performed during that community.
|4Ethel Morgan Edgecombe has appealed. She asserts that the portion of John Edge-combe’s military pension benefits which was earned dining the parties’ first marriage is community property under both Louisiana law and federal law and that she is entitled to one-half of 50% of the military pension benefits in question, since her prior marriage John Edgecombe occupied 10 of the 20 years during which he earned the military pension.
Marriage is a civil contract which is terminated by divorce. La.Civ.Code arts. 86, 101. The legal regime of community of acquets and gains applies to spouses domiciled in this state unless the spouses have otherwise contracted by matrimonial agreement. La.Civ. *1164 Code arts. 2327, 2328, 2334. A judgment of divorce terminates a community property regime. La.Civ.Code art. 159.
[O]ur courts have uniformly held that, at the dissolution of the community, the non-employed spouse is entitled to judgment recognizing that spouse’s interest in proceeds from a retirement annuity, or profit-sharing plan or contract, if and when they become payable, with the spouse’s interest to be recognized as one-half of any pay-r ments to be made, insofar as they are attributable to the other spouse’s contributions or employment during the existence of the community.
Sims v. Sims, 358 So.2d 919, 922 (La.1978).
A pension derived from a spouse’s employment during the marriage is a community property asset only to the extent it was accumulated during the community. Frazier v. Harper, 600 So.2d 59 (La.1992).
In Dedon v. Dedon, 404 So.2d 904 (La.1981), our supreme court held that under the federal scheme of military retirement benefits, which preempted state community property law, the former wife was not entitled to a community interest in the military retired pay received by her former husband. In so holding the court relied on McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), which held that federal law precludes state law from dividing military nondisability retired pay pursuant to state community property laws.
| sin reaction to the McCarty decision, Congress enacted the Uniformed Services Former Spouses’ Protection Act (USFSPA), 10 U.S.C. § 1408, under which the states may apply their own marital property laws to military retired pay. The section applicable here is 10 U.S.C. § 1408(c)(1), which provides:
Subject to the limitations of this section, a court may treat disposable retired pay payable to a member for pay periods beginning after June 25,1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member’s spouse if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member’s spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member’s spouse or former spouse.
Thus, the USFSPA precludes courts from treating military benefits as community property unless the final divorce decree was rendered after June 25, 1981 and the rendering court either treated or reserved the right to treat the benefits as community property. 10 U.S.C. § 1408(c)(1).
During the entire first marriage, John Edgecombe was in the military and still earning his pension, but his right to receive it had not accrued. The divorce decree in the first marriage was rendered prior to June 25, 1981 (specifically, on June 13, 1966). Also, it failed to reserve any rights to the future pension. Therefore, under 10 U.S.C. § 1408(e)(1), Ethel Morgan Edgecombe has no right to the pension arising from the first marriage.
The litigation now before us, however, arises from the parties’ second marriage. Since John Edgecombe was already retired by the start of the second marriage, none of the pension was earned during the second marriage and Ethel Morgan Edgecombe acquired no interest in the pension during the second marriage. As the trial judge stated, | (¡the first and second marriages are distinct from each other. Any community property rights arising from the first marriage are not now before us.
Accordingly, the judgment of the district court is affirmed. Costs of this appeal are assessed against Ethel Morgan Edgecombe.

AFFIRMED.