441 So.2d 451 (1983)
Harold Thomas TARVER, Plaintiff-Appellant,
v.
Stella Sanders TARVER, Defendant-Appellee.
No. 15796-CA.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1983.
Rehearing Denied December 22, 1983.
Writ Denied February 27, 1984.
Sanders & Sanders by Martin S. Sanders, Jr., Winnfield, for plaintiff-appellant.
James B. Wells & Associates by Sam A. Smith, Bossier City, for defendant-appellee.
Before PRICE, HALL and NORRIS, JJ.
PRICE, Judge.
Plaintiff appeals the trial court judgment dismissing his petition to rescind his 1974 community property settlement agreement to pay his former wife one-half of his military retirement benefits. The critical question on this appeal is whether this agreement incorporated into the judgment of the Bossier Parish Court may be rescinded on the ground that plaintiff was under an error of law.
The parties were married in California in 1951. They were Louisiana domiciliaries at that time and throughout their marriage. Mr. Tarver retired from the United States Air Force in June 1972 after more than 20 years service. On November 12, 1974, a judgment of divorce between the parties was rendered, incorporating the provision of the parties' community property settlement agreement whereby Mr. Tarver agreed that Mrs. Tarver would receive one-half of his military retirement benefits. No appeal was taken from the judgment. Plaintiff filed this suit January 26, 1981, seeking rescission of the community property agreement and recovery of the money *452 paid to Mrs. Tarver thereunder on the basis of error and lack of cause. The suit was prompted by the decision of the United States Supreme Court in McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), holding that a wife has no community interest in her husband's military retirement pension.[1]
The trial court treated the action as one to nullify the previous judgment and held plaintiff had proved none of the grounds necessary for nullification of the judgment. He therefore found it useless to consider rescinding the parties' agreement since the judgment withstands the claim of nullity and rejected plaintiff's petition. On appeal plaintiff takes issue with the trial court ruling that rescission of the agreement could not furnish a basis for nullification of the judgment. He also cites as error the finding that military retirement was a community asset under Louisiana law until the McCarty decision, so that there was no error of law to invalidate the agreement when it was signed.
That portion of the settlement whereby Mr. Tarver agreed to pay his ex-wife one-half of his military retirement pay was incorporated into the divorce judgment in the following manner, with no reference to the parties' agreement. "It is further ordered, adjudged and decreed that there be judgment herein in favor of Stella Sanders Tarver awarding unto her one-half (½) of all pay received by petitioner, Harold Thomas Tarver, from his military retirement, commencing December 5, 1974." Mr. Tarver testified that he agreed to the payment because he was advised by counsel that the retirement was community property and Mrs. Tarver was therefore entitled to a share of the payments. He argues persuasively that his error of law as to the character of retirement pay renders the agreement, and therefore presumably the judgment also, null.
We cannot, however, agree with plaintiff's position. Regardless of the consensual nature of the parties' settlement agreement which forms the basis for the pertinent portion of the judgment, this judgment remains the final determination of the rights of the parties to this action. La.C.C.P. Article 1841. Once a final judgment has been rendered, it may only be annulled for vices of form, not pleaded here, or where it has been obtained by fraud or ill practices. La.C.C.P. Article 2006. No such grounds have been alleged here. See Zeigler v. Zeigler, 420 So.2d 1342 (La.App. 3d Cir.1982). It has been held that a judgment obtained with the consent of the parties is not subject to nullity on the basis of mistake of law. Doll v. Doll, 206 La. 550, 19 So.2d 249 (1944). The court in Doll noted that the joint petition by which judgment was obtained was more than a mere agreement among the parties. It was a judicial proceeding, having for its express purpose the closing of the deceased's succession, and the parties made no express reservation concerning the binding effect of the judgment rendered pursuant to the agreement of the parties. We likewise find in this record no reservation on the part of the plaintiff restricting the extent to which the parties would be bound by the judgment rendered pursuant to the agreement. Inasmuch as plaintiff has failed to show any ground for nullity of the judgment, pleading only an error of law, we have no basis upon which to delete that part of it providing for division of plaintiff's retirement pay.
For this reason, rescission of the underlying agreement would be an idle gesture as it could not affect the judgment, although there was obviously an error of law in light of the ruling in McCarty, supra. However, McCarty has not been given retroactive effect to modify earlier judgments to the contrary. See Wilson v. Wilson, 667 F.2d 497 (5th Cir.1982); Erspan v. Badgett, 659 F.2d 26 (5th Cir.1981). In any case, we perceive this agreement to be a contract made for the purpose of avoiding litigation *453 on the issue of the community nature of military retirement. The plaintiff evidently weighed the likelihood of loss against gain in light of the applicable legal precepts and decided against litigation. See, for example, Swope v. Mitchell, 324 So.2d 461 (La.App. 3d Cir.1975). La.C.C. Art. 1846(2) provides that such agreements may not be rescinded for errors of law. Therefore, in our view, there is also no basis for nullification of the agreement.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.
NOTES
[1] It should be noted that the decision in McCarty has been legislatively overruled by Public Law 97-252, Title X, Sec. 1002(b) [10 U.S.C.A. Sec. 1408(c)(1)] which became effective on February 1, 1983.