MARVIN, Judge.
As a sequel in an often-litigated 16-year squabble which began with a separation action in 1971 and has perennially continued over Mr. Tarver’s military retirement pay, he appeals a judgment of August 4, 1986, that awards Mrs. Tarver “judgment for a sum equal to V2 of the gross amount received by him from his Air Force retirement since date of retirement, namely May 1972.”
The 1986 judgment stems from the divorce judgment of November 12, 1974, which awarded Mrs. Tarver “⅜ of all pay received by [Mr.] Tarver from his military retirement, commencing December 5,1974.” In Tarver v. Tarver, 441 So.2d 451, 452 (La.App. 2d Cir.1983), writ denied, we held the 1974 judgment was judicial recognition of a contract between the Tarvers “made for the purpose of avoiding litigation on the issue of the community nature of military retirement” which Mr. Tarver could not rescind on the grounds of error of law.
Since 1974 Mr. Tarver has been repeatedly cited for contempt and has had judgments against him making past due amounts under the 1974 judgment exec-utory. New trials and writs have been applied for and denied. The facts of the martial history are recited in Tarver v. Tarver, supra.
The obvious animosity and litigiosity of the parties (27 filings in the district court in 1985!!!), and perhaps our opinion in Campbell v. Campbell, 474 So.2d 1339 (La.App. 2d Cir.1985), Lindsay, J., dissenting, writ denied November 15, 1985, apparently provoked this appeal. There we held that federal law does not preclude application of Louisiana community property law to VA disability pay received in lieu of military retirement pay under facts that showed the husband, for tax purposes, waived that part of his retirement pay that was equal to the disability pay he elected to receive from the VA. We recognized Mrs. Campbell’s community rights to one-half of 6318/8612 of the military service days credited to Mr. Campbell for the purpose of computing military retirement. That opinion recognizes that “during Mr. Campbell’s military service he suffered a broken ankle from a motorcycle accident and ... a heart attack.” Supra, p. 1341. Mr. Tarver has a 30 percent service connected disability for which he is being paid by the Air Force.
This record, while otherwise voluminous, does not allow us to determine specifically how Mr. and Mrs. Tarver implemented their agreement that was reduced to judgment on November 12, 1974, that Mr. Tar-ver would pay ⅜ of his retirement pay to Mrs. Tarver commencing December 5, 1974. Neither the judgment nor their agreement defined retirement pay. The record surprisingly does not show the exact monthly amount he paid and she accepted between the November 12, 1974, judgment and the time she filed her first rule to make .past due amounts executory on March 1, 1976.
On January 23, 1986, the trial court, noting some of the same discrepancies in the record that were noticed by this court and were called to the attention of both counsel, gave counsel six months to obtain details of Mr. Tarver’s retirement history and *649 payments from the Air Force. The trial court stated that if such information was not obtained, the trial court will rule on the basis of the best information available at that time that the parties can present.
A six-page exhibit was introduced into the record on May 29,1986. Those exhibits from Air Force agencies, dated between January and May 1986, more than one of which is addressed to Mrs. Tarver’s counsel, show that Mr. Tarver’s retired pay “is based on years of service as it is greater than his disability. His 30 percent disability only reflects his [nonjtaxable amount. Tarver would receive a separate check from Veterans Administration if he had applied and was approved.” These records also show that “as a result of [Tarver’s] AF 30% permanent disability, $545 of [his] monthly Retired Pay [of $953] is nontaxable” and that “in other words, $545 of ... Tarver’s retired pay is attributable to his disability and $408 is the added percentage attributable to [his] years of service.”
Nothing in this record shows that Mr. Tarver waived a part of his retirement in order to collect VA disability benefits as did Mr. Campbell. The record indicates, instead, that the basis [and apparently not the amount] of Mr. Tarver’s retirement pay has not changed since he retired in late April 1972. He was eligible to retire because he had 20 years of service. He apparently was required to retire because he was found to have a 30 percent permanent disability. We are not adjudicating, as in Campbell, the community claim by a wife against her husband’s military retirement or applying a formula (his days in service during the marriage against his total days in service). We are adjudicating or construing Mr. Tarver’s 1974 contractual obligation — reduced to judgment — to pay Mrs. Tarver V2 of his military retirement commencing December 5, 1974.
Mrs. Tarver explains in her brief that in December 1985 she “filed to have disability benefits retirement included in the gross amount to which she was entitled under the contract ... rather than the longevity benefits alone.” The trial court, in oral reasons for judgment, said that “in view of the filings [the six documents from the Air Force] ... and the review of the Campbell case [supra] ... Mrs. Tarver is entitled to one-half of the total amount of that retirement [$953] ...” We must respectfully disagree.
The judgment of separation of August 12,1971, before Mr. Tarver retired, ordered him to pay Mrs. Tarver $200 monthly alimony pendente lite. Mrs. Tarver’s recon-ventional demand in the divorce action in 1974 alleges that since May 1972 Mr. Tar-ver had been receiving in excess of $300 monthly retirement pay from the Air Force, some of which is attributable to the community and that she should be receive one-half of such pay. When Mrs. Tarver filed her first rule on March 1, 1976, to accrue past due payments she alleged that V2 of Mr. Tarver’s retirement was $210 per month and that he was past due $1,050 for the five months, October — December 1975 and January — February 1976. This is an indication that between December 5, 1974, and October 5, 1975, Mr. Tarver paid and Mrs. Tarver accepted about $210 per month which was one-half of the pay he received for 20 years service in the Air Force, excluding the monthly payment for the 30 percent disability.
Mr. Tarver’s answers to interrogatories on February 25,1977, assert that his retirement pay is “70 percent of $500.74 or $350.51.” Mrs. Tarver’s pleadings thereafter through 1980 allege his retirement pay as $500.74.
Thus from November 1974, Mr. Tarver apparently considered that he was obligated to Mrs. Tarver for ½ of his monthly pay only for 20 years service. Mrs. Tarver seeks to have us apply Campbell, supra, and similar cases such as Rose v. Rose, 483 So.2d 181 (La.App. 2d Cir.1986), writ not considered; and include the disability pay as if we were adjudicating her community claim ab initio. We repeat that because of the 1974 Tarver contract, this case is not in the Campbell posture of a wife asserting for the first time a community claim against military retirement, but is simply a case wherein the 1974 contract requires interpretation in the light of what the parties, in perhaps less litigious days, intended and of the way, in those days, they implemented or paid and received under that contract.
*650 We shall amend the 1986 judgment to read the same as the 1974 judgment, i.e., that Mr. Tarver is obligated to pay Mrs. Tarver ⅛ of all pay received by him from his military retirement commencing December 5, 1974, but we shall not attempt, on this record, to interpret whether V2 of Mr. Tarver’s pay from military retirement should be construed to include the monthly amount Mr. Tarver was awarded by the Air Force for his disability.
In the interest of justice, we shall remand to allow the trial court to receive evidence on what amounts were paid and accepted under the 1974 judgment between November 12, 1974, and March 1,1976, and determine what the litigants intended by their 1974 agreement that was incorporated into the judgment of November 12, 1974. CCP Art. 2124. The trial court may receive such evidence as to the. amounts paid Mr. Tarver by the Air Force since December 5, 1974, either or both for his longevity of military service and for his. disability and determine what amount, if any, Mr. Tarver may owe Mrs. Tarver under the obligation recognized in the 1974 judgment.
As amended, the judgment is affirmed and the case is remanded with the above directions. Costs shall be assessed by the trial court in its final judgment.