533 So.2d 118 (1988)
The TRAVELERS INDEMNITY CO.
v.
Claudell R. ANDERSON.
No. 88-CA-0389.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1988.
Writ Denied January 6, 1989.
Lawrence D. Wiedemann, W. Lloyd Bowers, Wiedemann & Fransen, New Orleans, for appellant.
William H. Syll, Jr., Law Offices of James J. Morse, New Orleans, for appellee.
*119 Before GARRISON, KLEES and LOBRANO, JJ.
LOBRANO, Judge.
This is an appeal from the granting of a summary judgment in favor of The Travelers Indemnity Company against Claudell R. Anderson in the full and true sum of $24,115.09 together with legal interest and for all costs of these proceedings.
The claim asserted in the instant matter arises out of the settlement of another lawsuit brought by Anderson. In that suit, number 82-14736 of the Civil District Court, Anderson sought damages from Western Sizzlin Steak House, Inc., Malone Properties, Inc. and their insurer, Travelers Indemnity, for injuries he sustained when he slipped and fell. In that tort suit the worker's compensation insurer of Anderson's employer (Louisiana Retailers Association Self Insurers Fund) intervened seeking reimbursement of the compensation benefits paid.
On May 30, 1986, Anderson settled his tort claim. In the settlement agreement Anderson agreed to indemnify and hold harmless Travelers, Western Sizzlin and Malone Properties for all claims that might be asserted by the compensation insurer as a result of its intervention. The pertinent language is as follows:
"B. In consideration of the payments of THE TRAVELERS INDEMNITY COMPANY, CLAUDELL ANDERSON agrees to indemnify and hold MALONE PROPERTIES, INC., WESTERN SIZZLIN STEAK HOUSE, INC. and THE TRAVELERS INDEMNITY COMPANY harmless for any and all sums in excess of the above amounts that MALONE PROPERTIES, INC., WESTERN SIZZLIN STEAK HOUSE, INC. and THE TRAVELERS INDEMNITY COMPANY might be held liable to pay as a result of a demand filed by Louisiana Retailers Association Self Insurer's Fund and/or Cannizaro Distributing Company in the case of Claudell Anderson v. Travelers Insurance Co., et al, NO. 82-14736 of the docket of the Civil District Court for the Parish of Orleans, or as a result of any claims, cross-claims, third party claims, interventions or the like in favor of any other party."
Subsequent to the settlement, pursuant to La.R.S. 23:1102(C), the compensation insurer demanded and obtained a judgment against Travelers for $24,115.09, representing the workmen's compensation benefits paid to Anderson plus the applicable legal interest. That judgment was predicated on Travelers' failure to obtain the written consent of the compensation insurer prior to its settlement with Anderson in the tort suit. Travelers then sought payment from Anderson under the indemnity provisions of the settlement agreement. Anderson refused payment giving rise to the instant suit. Travelers moved for summary judgment which was granted by the trial court on December 23, 1987.
Anderson appeals. He claims that the settlement fails to accurately reflect the intention of the parties involved. He asserts that there was no agreement to indemnify Travelers and that he "inadvertently was allowed to sign releases including a gratuitous indemnity clause in favor of Travelers." Anderson seeks to reform the settlement agreement, striking the indemnity agreement or alternatively that the issue be remanded for a trial on the merits in order that evidence be heard to ascertain the intentions of all parties.
In support of their motion, Travelers submitted the release and settlement agreement, the affidavit of J. Richard Kanuch, the compensation insurer's attorney and a photo copy of the check showing payment by Travelers. In opposition thereto, Anderson submitted the affidavits of John A. Cvejanovich, Travelers' attorney in the tort suit, and Lawrence Wiedemann and W. Lloyd Bowers, Anderson's attorney in the tort suit.
In essence, Anderson argues that there exists an issue of fact as to the intent of the parties at the time of the settlement agreement. He argues there was an intent by the compensation insurer to waive its claim, and that Travelers was made aware of this intent, although it was never reduced to writing. Hence he urges that the *120 indemnification clause in the settlement agreement was unnecessary, and was agreed to in error.
The tort suit was filed on September 17, 1982. The trial was scheduled for March 24, 1986. On March 21, 1986 settlement discussions took place between Anderson's attorneys, (Wiedemann and Bowers), Traveler's attorney (Cvejanovich) and the compensation insurer's attorney (J. Richard Kanuch). Both parties in their brief agree that Kanuch orally agreed to waive the compensation claim, although it was never reduced to writing. Thus Anderson urges that he agreed to settle his tort claim with the understanding that the compensation intervention would be waived. Travelers does not dispute the fact that at the March 21, 1988 conference they understood there would be a waiver of the compensation claim, although it was not reduced to writing. Anderson claims that at that time all parties were of the opinion R.S. 23:1102(C) was not applicable because it was amended in 1983 and hence had no retroactive application to the 1981 accident.
This may have been a valid assumption at that time, however on April 17, 1986 this Court, in Wells v. K & B, Inc., 488 So.2d 222 (La.App. 4th Cir.1986), held that R.S. 23:1102(C), as amended is a procedural law and hence is retroactive. The actual settlement of the tort suit was May 30, 1986, and thus the law was settled that R.S. 23:1102(C) was applicable. Anderson should have been aware at that time that written consent was necessary.
A compromise is a legal agreement, a contract. La.C.C. Art. 3071. Legal agreements have the effect of law upon the parties and the courts are bound to give legal effect to all such contracts according to the true intent of the parties. See, Leenerts Farms, Inc. v. Rogers, 421 So.2d 216, 218 (La.1982). This intent is determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences. Id. The courts are not created to relieve men of the bad bargains they made. Id. Moreover, compromises are favored in the law and the burden of proving the invalidity of the compromise is on the party attacking it. Saunders v. New Orleans Public Service, Inc., 387 So.2d 603 (La.App. 4th Cir.1980) writ den. 394 So.2d 614 (La.1980).
The clear wording of the agreement expresses the understanding between the tort feasor's insurer and Anderson that if the employer or his insurer seeks reimbursement of the benefits paid, then Anderson would be called upon to indemnify them. This intent does not lead to any absurd consequences since the tort feasor was obviously aware that the compensation insurer had not agreed in writing to the settlement, and Anderson should have been aware because Wells v. K & B, Inc., supra, had been decided. Hence, the indemnification clause became a necessary part of the agreement and is not superfluous as suggested by Anderson.
We find no issue of material fact. The affidavits submitted by Anderson in opposition to the summary judgment raise no fact which is disputed. Travelers, in brief, admit that the settlement on March 21, 1986 was reached with the understanding that the compensation claim would be waived. However between that conference on March 21st and the actual settlement agreement May 30, 1986, the compensation intervenor did not sign a written waiver, even though Wells v. K & B, Inc., supra, was decided six weeks prior to the written compromise agreement. There is no issue of fact as to what occurred on May 30, 1986. The settlement agreement is clear and unambiguous and, as a matter of law, Travelers is entitled to enforce its provisions. Courts will not relieve a contracting party of their obligations simply because hindsight suggests they made a bad bargain.
We therefore agree with the trial court that there as a matter of law, summary judgment is proper. La.C.C.Pro. Art. 967.
AFFIRMED.