557 So.2d 1056 (1990)
Stella Sanders TARVER, Plaintiff-Appellee,
v.
Harold Thomas TARVER, Defendant-Appellant.
No. 21,130-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 1990.
Writ Denied May 25, 1990.
Sanders and Sanders by Martin S. Sanders, Jr., Winnfield, for defendant-appellant.
James L. Fortson, Shreveport, for plaintiff-appellee.
Before HALL, LINDSAY and HIGHTOWER, JJ.
LINDSAY, Judge.
The defendant, Harold Thomas Tarver, appeals from a trial court judgment finding that, in a 1974 contract partitioning community property between the defendant and the plaintiff, Stella Sanders Tarver, the parties intended to evenly divide between *1057 them the defendant's retirement benefits from the Air Force, including the tax-exempt portion of those benefits attributable to the defendant's thirty percent disability. We affirm the trial court judgment.

FACTS
These parties are before this court for the third time regarding a contract, later reduced to judgment, which was executed in order to effect a settlement of their community. In one form or another, each case has included issues relating to Mr. Tarver's military retirement pay.
The background facts of this case are fully set forth in the previous opinions of this court. See Tarver v. Tarver, 441 So.2d 451 (La.App. 2d Cir.1983), writ denied, 445 So.2d 1232 (La.1984) and Tarver v. Tarver, 508 So.2d 647 (La.App. 2d Cir.1987). Briefly stated, however, the record reveals that the defendant, Harold Thomas Tarver, a career enlisted member of the Air Force, was judicially separated from the plaintiff, Stella Sanders Tarver, in 1971. On April 28, 1972, the defendant retired from the Air Force after more than twenty-two years service. He was also assessed with a thirty percent physical disability. The defendant began receiving retirement benefits in May, 1972. The portion of Mr. Tarver's pension which is based upon his disability is exempt from federal income taxation.
The parties were divorced in 1974. In conjunction with the divorce, the parties entered into an agreement which provided that the plaintiff was entitled to a portion of the defendant's military retirement benefits. Under the terms of their contract, Mr. Tarver agreed that Mrs. Tarver was the owner of an undivided one-half interest in and to all retired pay received by Mr. Tarver and that he would pay her one-half of all retired pay received by him after the date of the agreement. This agreement was incorporated into their divorce judgment of November 12, 1974.
Through the years since the execution of the agreement and the judgment based thereon, the defendant has frequently failed to make proper payments to the plaintiff. The plaintiff has filed numerous rules to make past due amounts executory.
In 1982, Mrs. Tarver filed a rule to make past amounts, due under the contract and judgment, executory. In response to this rule, the defendant argued that under McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the contract between the parties was void for error of law. This argument was rejected by the trial court, which rendered judgment against Mr. Tarver, ordering that past due amounts be made executory. Mr. Tarver appealed.
In his first appeal to this court, we found that Mr. Tarver was precluded from rescinding the agreement on the grounds of error of law. In the first Tarver appeal, supra, Mr. Tarver argued that the 1974 agreement and subsequent judgment incorporating the agreement, were void for error and lack of cause. Relying upon McCarty v. McCarty, supra, holding that military retirement benefits were not subject to state community property laws, Mr. Tarver argued that the agreement was null. This court noted that because Mr. Tarver failed to appeal from the judgment incorporating the agreement, he could not attack the validity of the agreement for error of law. Accordingly, the judgment of the trial court was affirmed.
On December 2, 1985, Mrs. Tarver again filed a rule to make past due amounts executory. The defendant answered, asserting that the plaintiff was entitled only to one-half of his "longevity retirement" and not to any portion of his tax free disability benefits.
In the trial court, the defendant contended that thirty percent of the total retirement payment which he received was a disability benefit and therefore his separate property. Only the remaining seventy percent was subject to the previous contract. Therefore, and based on these calculations, the defendant asserted that he had properly paid the plaintiff one-half of seventy percent of his net retirement benefit.
On August 4, 1986, the trial court filed a judgment granting the plaintiff one-half of *1058 the gross amount of the plaintiff's retirement which he had received since May, 1972. No exception was made for disability benefits. On September 4, 1986, the defendant appealed the trial court judgment. In the second Tarver appeal, supra, we held as follows:
Mr. Tarver is obligated to pay Mrs. Tarver ½ of all pay received by him from his military retirement commencing December 5, 1974, but we shall not attempt, on this record, to interpret whether ½ of Mr. Tarver's pay from military retirement should be construed to include the monthly amount Mr. Tarver was awarded by the Air Force for his disability.
In the interest of justice, we shall remand to allow the trial court to receive evidence on what amounts were paid and accepted under the 1974 judgment between November 12, 1974, and March 1, 1976, and determine what the litigants intended by their 1974 agreement that was incorporated into the judgment of November 12, 1974. CCP Art. 2124. The trial court may receive such evidence as to the amounts paid Mr. Tarver by the Air Force since December 5, 1974, either or both for his longevity of military service and for his disability and determine what amount, if any, Mr. Tarver may owe Mrs. Tarver under the obligation recognized in the 1974 judgment, 508 So.2d 647.
On May 26, 1988, the case was again considered by the trial court on remand and the court held:
I find that the entirety of the money that Mr. Tarver has been receiving, from 1974 to the present date, is based on his longevity calculations and therefore the entirety of that money is retirement pay and that the entirety of the money is that contemplated by the agreement of November 12, 1974 which was incorporated into a Judgement on that date.
In accordance with the directions on remand, the trial court found that the amount paid by the defendant throughout the period from November 12, 1974 through March 1, 1976 was $210 per month, representing one-half of the total of the defendant's retirement pay.
The court also found that it was the intent of the parties in their 1974 contract that the plaintiff would be paid one-half the total amount of retirement pay then received and in the future to be received by the defendant from the United States Air Force.
Accordingly, on January 23, 1989, judgment was entered awarding the plaintiff past due payments totaling $6,671, representing the amount past due from April, 1987, subject to a credit of $2,170.93 which had been paid by the defendant.
The judgment of January, 1989, is now before us on appeal. Defendant essentially argues that the court erred in failing to find that thirty percent of his monthly retirement benefit constituted a disability benefit which was not community property. Defendant argues that the parties did not intend to include the disability portion of his retirement income in the amount to be paid to plaintiff under their agreement.

INTENT OF THE PARTIES
First, we must determine whether the trial court erred in finding that the parties intended, in their 1974 agreement, for Mrs. Tarver to receive one-half of Mr. Tarver's retirement benefits, including the tax free portion of the benefits attributable to his disability. Based upon the record before us, we find the trial court ruling was correct.
As stated in the second Tarver appeal, supra, we are not dealing with the settlement of the community which formerly existed between spouses requiring a determination of a former spouse's entitlement to her ex-husband's military retirement benefits. We are called upon to construe a contract, voluntarily entered into by the parties in 1974. The purpose of this exercise is to determine the true intent of the parties when entering into that contract. Therefore, the agreement between the parties must be evaluated according to the principles commonly used in regulating the construction and interpretation of contracts.
*1059 Legal agreements have the effect of law upon the parties and the courts are bound to give legal effect to all such contracts according to the true intent of the parties. Travelers Indemnity Company v. Anderson, 533 So.2d 118 (La.App. 4th Cir. 1988), writ denied 535 So.2d 744 (La.1989).
Interpretation of a contract is the determination of the common intent of the parties. LSA-C.C. Art. 2045. Louisiana contracts are to be interpreted in light of the common intent of the parties and in light of all the provisions so that each provision is given the meaning suggested by the contract as a whole. Adams v. Adams, 503 So.2d 1052 (La.App. 2d Cir.1987); West v. West, 475 So.2d 56 (La.App. 2d Cir.1985), writ denied 478 So.2d 147 (La.1985); Fontenot v. Waste Management of Lake Charles, 493 So.2d 904 (La.App. 3rd Cir. 1986).
When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. LSA-C.C. Art. 2046.
The words of a contract must be given their generally prevailing meaning. Words of art and in technical terms must be given their technical meaning when the contract involves a technical matter. LSA-C.C. Art. 2047.
Words susceptible of different meanings must be interpreted as having the meaning that best conforms to the object of the contract. LSA-C.C. Art. 2048. A provision susceptible of different meanings must be interpreted with a meaning that renders it effective and not with one that renders it ineffective. LSA-C.C. Art. 2049.
When the trial court's finding as to the intent of the parties is reasonable and adequately supported by credible evidence in the record, that finding must be accorded deference and must not be reversed unless the finding is manifestly erroneous. Kuswa & Associates, Inc. v. Thibaut Construction Company, Inc., 463 So.2d 1264 (La.1985).
Based upon the record before us, the trial court was correct in holding that, in executing the 1974 agreement, the parties intended for Mrs. Tarver to receive one-half of the total of Mr. Tarver's military retirement benefits. The trial court correctly found that the parties did not intend to make any exception for the tax exempt portion of the payments attributable to Mr. Tarver's thirty percent disability.
At the time the 1974 agreement was executed, the wording of the agreement itself made no exception for Mr. Tarver's disability benefits. The pertinent part of that agreement provides as follows:
Harold Thomas Tarver hereby acknowledges and agrees that Stella Sanders Tarver is the owner of an undivided one-half (½) interest in and to all retired pay received by Harold Thomas Tarver as a retired member of the United States Air Force and Harold Thomas Tarver hereby agrees to pay Stella Sanders Tarver one-half (½) of all retired pay received by him from and after the date of this agreement as a retired member of the United States Air Force within five (5) days after each payment of such retirement has been received by Harold Thomas Tarver.
By the clear wording of this agreement, the parties made no exception for Mr. Tarver's disability benefits. In addition, for many months after the parties executed the agreement in 1974, Mr. Tarver paid Mrs. Tarver one-half of his retirement benefits, without subtracting any sums attributable to his disability. This action on the part of Mr. Tarver demonstrates that when the agreement was executed, it was his intent and understanding that the agreement required him to pay Mrs. Tarver one-half of his benefits, and that the nontaxable disability payments were not to be excluded.
Based upon these facts, the trial court holding that the parties intended that Mrs. Tarver receive one-half of Mr. Tarver's benefits, with no exclusion of the amount attributable to Mr. Tarver's disability, is not manifestly erroneous and therefore will not be overturned on appeal.

LEGALITY OF THE CONTRACT
We must next determine whether there are any legal impediments to Mr. Tarver's *1060 contractual agreement to pay Mrs. Tarver one-half of his military retirement benefits, including amounts attributable to his disability. The defendant contends that the portion of his retirement pay attributable to his thirty percent disability must be excluded from the amount which he must pay his wife under their contractual agreement. The defendant relies upon Mansell v. Mansell, ___ U.S. ___, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989).
Mansell dealt with a contract between a husband and wife whereby the husband agreed to give his wife one-half of his total retirement pay, including his disability compensation drawn from the Veterans Administration under Title 38 U.S.C. In that case, the Supreme Court held that 10 U.S.C. § 1408 did not grant state courts the power to treat as community property, divisible upon divorce, military retirement pay that has been waived to receive Veterans Administration disability benefits. The court held that because these benefits were not community property, they could not be the subject of a community property settlement contract.[1]
Based upon the facts in this record, we find that the Tarvers' 1974 contract is valid and enforceable and requires the payment by the defendant to his ex-wife of one-half of his total retirement benefits.
Under the federal statutory scheme governing military retirement and military disability benefits, there are several categories and means of qualifying for such benefits. First, a member of the Air Force may retire after serving a specified number of years. 10 U.S.C. § 8914. A member may also be retired when found to have a physical disability which renders him unfit to continue service. 10 U.S.C. § 1201 et seq.
Methods of computing retirement pay for Air Force members are governed by formulas set forth in 10 U.S.C. § 1401 et seq. and 10 U.S.C. § 8991. In the case of members retired for physical disabilities who have more than twenty years of service, the amount of retirement pay is computed according to longevity of service or percentage of disability, whichever is most beneficial to the retiree. 10 U.S.C. § 1201; 10 U.S.C. § 1401 et seq.; 10 U.S.C. § 8991. If a member, retired with a physical disability, chooses to have his retirement computed according to the length of service, he must pay federal income tax on that portion of his retirement pay which exceeds the retirement pay which he would receive if it were computed on the basis of the percentage of disability. 10 U.S.C. § 1403; 26 U.S.C. § 104. Therefore, the portion of his retirement pay which is attributable to his disability is tax exempt.
In addition, persons entitled to disability benefits may draw such benefits from the Veterans Administration. However, the federal military retirement scheme prevents "double dipping." That is, a member drawing retirement pay under 10 U.S.C. § 1401 may not receive an extra amount for disability from the Veterans Administration. Rather, under 38 U.S.C. § 3105, in order to draw benefits from the Veterans Administration, the member must file a waiver of a portion of his retirement pay equal to the amount of disability owed.
Title 38 Veterans Administration benefits are excluded from the definition of disposable retired or retainer pay under 10 U.S.C. § 1408. Therefore, those benefits are not subject to state community property laws. Further, since Congress has preempted this area of the law, Mansell clearly holds that a division of a retiree's Title 38 benefits, which are excluded from disposable retired or retainer pay, cannot be properly made the subject of a community property settlement *1061 contract. Mansell v. Mansell, supra.[2]
If Mr. Tarver had been drawing Veterans Administration benefits, those benefits would not have been subject to the community property laws of this state and, further, Mansell holds that he would have been precluded from assigning away those disability benefits through a contract with his former spouse. Therefore, Mrs. Tarver would have had no right to claim a portion of Mr. Tarver's Veterans Administration disability benefits under Title 38.
However, Mr. Tarver did not execute a waiver of any of his retirement benefits and was therefore not receiving disability benefits from the Veterans Administration under Title 38. On the contrary, Mr. Tarver's benefits are received pursuant to 10 U.S.C. §§ 1201 and 1401.
The record shows that Mr. Tarver retired with over twenty years service and was assessed with a thirty percent disability. Mr. Tarver elected to have his retirement computed on length of service, rather than the percentage of disability.
The record contains an exhibit which shows that Mr. Tarver's retirement benefits were calculated according to his years of service under Title 10 § 1401. A letter from an official with the Air Force, dated March 17, 1986, upon which the trial court based its judgment, explains the calculations of Mr. Tarver's benefits as follows:
A member retired with a disability and having twenty (20) or more years total active Federal military service is qualified for retired pay based on the years of service. A member retiring for a disability must be paid under the applicable formula most favorable to him or her in accordance with the member's choice. He or she may elect retired pay computed on either years of service credits or percentage of disability existing at the time of retirement.
In Master Sergeant Tarver's case, he had 21 years of service which made it more advantageous for him to retire with pay based on years of service rather than percentage of disability which is 30 percent in his case. However, the 30 percent remains forever as part of his retired pay, but is advantageous for tax purposes only.
Sergeant Tarver's retired pay is computed as follows:
 21 years × 2½ = 52.5%
52.5% × $1,816.45 (Current applicable active
duty pay rate) =
 $953 gross retired pay entitlement Taxable
 income is computed as follows:
 $1,816.45 × 30% (disability) - $545
 $953-$545 = $408 Taxable income
In other words, $545 of Sergeant Tarver's retired pay is attributable to his disability and $408 is the added percentage attributable to years of service.
Title 10 benefits, which are attributable to a disability, are tax exempt, and they are excluded from the definition of disposable retired or retainer pay under 10 U.S.C. § 1408(e). Therefore, these benefits, much like the Title 38 Veterans Administration benefits discussed above, are not subject to state community property laws.
It is, therefore, apparent, that disability benefits, whether drawn under the applicable provisions of Title 10 or Title 38, which are excluded from disposable retired or retainer pay, are not divisible pursuant to state community property laws. A spouse asserting a claim against a former community cannot include in that claim entitlement to a portion of the former spouse's military disability benefits.
The defendant contends that pursuant to Mansell v. Mansell, supra, holding that disability benefits which are excluded from disposable retired or retainer pay under 10 U.S.C. § 1408 are not community property, we should rule that the portion of his retirement pay attributable to his disability *1062 should be excluded from the effect of his contract.
In Mansell, just as in the present case, the court was concerned with the application of federal principles to a contract which had disposed of disability benefits. Even so, Mansell, supra, fails to provide relief to Mr. Tarver. In Mansell, it was noted that the California court found it appropriate, under California law, to reopen the original community property settlement and then apply principles of federal law to that contract.
By contrast, in the first Tarver appeal, this court declined to go behind the judgment which was based upon the contract between these parties. In that appeal, Mr. Tarver had sought to apply McCarty v. McCarty, supra, to this case in support of his claim that the contract was void for error of law. We found at that time, that because Mr. Tarver had failed to appeal from the judgment based upon the contract, the judgment had become final. Also, in addition to finding that Mr. Tarver had failed to timely appeal from the judgment based upon the contract, we noted that McCarty would not be applied retroactively.
Therefore, in the present case, although Mr. Tarver might be entitled to relief under Mansell v. Mansell, supra, and the present provisions of 10 U.S.C. § 1408(e), if this case was one of first instance, nevertheless, his present attack upon the contract and the previous judgment based upon that contract is precluded by our holding in the first Tarver appeal, supra. We also note that as in McCarty, there is no indication that the rule announced in Mansell v. Mansell, supra, is intended to apply retroactively to this 1974 contract.
We have previously found that the intent of the parties in executing the contract was to give Mrs. Tarver one-half of each monthly retirement payment received by Mr. Tarver, with no exception for the portion attributable to his disability. Because the judgment incorporating the contract has become final and cannot now be attacked on appeal, we must hold that Mr. Tarver is bound by the contract and Mrs. Tarver is entitled to one-half of each retirement payment received by the defendant.

CONCLUSION
For the reasons set forth above, we affirm the trial court judgment finding that, under the terms of a contract entered into by the parties, Mrs. Tarver is entitled to one-half of each monthly retirement payment received by Mr. Tarver from the United States Air Force. Costs in this court and in the court below are assessed to the defendant, Harold Thomas Tarver.
AFFIRMED.
NOTES
[1] Although this court held, in Campbell v. Campbell, 474 So.2d 1339 (La.App. 2d Cir.1985), (Lindsay, J., dissenting) writ denied 478 So.2d 148 (La.1985), that a community property interest in retirement pay, including that portion of the benefits representing Veterans Administration disability pay received in lieu of retirement pay, was community property and was divisible upon dissolution of the community, the United States Supreme Court in Mansell, supra, has now made it clear that such benefits are not subject to state community property laws. See also Inzinna v. Inzinna, 456 So.2d 691 (La.App. 5th Cir.1984), writ denied 461 So.2d 317 (La. 1984); Russell v. Russell, 465 So.2d 181 (La.App. 3rd Cir.1985) and 520 So.2d 435 (La.App. 3rd Cir.1987).
[2] We also note that Veterans Administration benefits are nonassignable under 38 U.S.C. § 3101. However, Mansell found it unnecessary to consider this statute in finding that benefits which are not part of disposable retired or retainer pay could not be made the subject of a community property settlement contract.