KLIEBERT, Chief Judge.
This is a suspensive appeal perfected by Daniel Hall, the defendant-appellant, from a judgment dated April 28, 1992 in favor of Ethel Hall, Natural Tutrix of Danielle Hall, setting the amount of costs and attorney fees awarded to plaintiff in a judgment dated February 6, 1991. For the reasons which follow we affirm the trial court judgment.
On February 6, 1991 the trial court rendered judgment decreeing Daniel Hall to be the natural father of Danielle Hall, born to Ethel A. Flato, and ordered the defendant to pay “all costs of these proceedings including the fee and cost of her attorney.” An appeal was taken from the judgment and this Court, in Hall v. Hall,[1] 588 So.2d 172 (5th Cir.1991) affirmed the judgment. Writs taken to the Supreme Court were denied on January 6, 1992.
Thereafter, the plaintiff on February 13, 1992, through her attorney, filed a rule against Daniel Hall to show cause why he *174 should not pay her court costs of $60.00 plus attorney fees of $5,820.00. The defendant answered the show cause rule averring that:
“1. Plaintiffs pleadings filed herein have been filed in ‘forma Pauperis’ and hence Plaintiff-Mover does not have the right of reimbursement for same.
2. The record reflects that that (sic) there were (sic) more than one attorney who represented Plaintiff-Mover. Much of the work on this case was done by other attornies (sic) and some done while the present attorney was working in conjunction with the other attornies (sic), hence, it appears to be impossible to divide the claim and resolve it as to only one lawyer.
3. Further, we suggest that the fee is not chargable (sic) to defendant since as plaintiffs pleadings reflect, the lower court judgment awarding fees was rendered February 6,1991, however, the law awarding attorney fees such as this, was not authorized by law (R.S. 9:398.1) until sixty days after the 1991 session of the Legislature ended, to-wit: July 8, 1991. Hence the Judgment for Attorney fees is to be considered merely as dicta.”
Following a hearing on March 19, 1992 the trial court rendered judgment stating:
“The Court finds as a matter of fact that the trial court granted attorney’s fees and cost to the plaintiff, that the Fifth Circuit Court of Appeal affirmed the judgment of the trial court, and that the Supreme Court of Louisiana denied the writs on the matter; accordingly,”
Accordingly, it rendered judgment decreeing:
“... plaintiff’s motion to Tax Costs and Attorney’s Fees is granted.”
On appeal Hall’s argument can be broadly categorized as follows: (1) There was no legal basis for the judgment of February 6, 1991 awarding attorney fees; hence, it should be vacated because it is a nullity and (2) there is insufficient proof of the amount of attorney fees.
Under LSA-C.C.P. Article 2004, which sets forth the exclusive grounds for annulment of a judgment based on defects of substance, a judgment which is contrary to the law is immune from the action of nullity. Tower v. Tower, 508 So.2d 647 (2nd Cir.1987) writ denied 557 So.2d 1057. Because the judgment of February 6, 1991 which defendant is now attempting to attack is definitive, it must stand even though it may have been based on erroneous law. Levy v. Stelly, 254 So.2d 665 (4th Cir.1971) writ denied 260 La. 403, 256 So.2d 289 (1972).
The trial judge found the proof as to the amount of the attorney fees was sufficient to support the plaintiff’s claim for $5,820.00 and court costs of $60.00 and hence granted the plaintiff’s motion to make the judgment of February 6, 1991 executory by judgment dated April 28, 1992. Under our standard of review, we must find the trial judge was clearly wrong to alter his judgment. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Rosell v. Esco, 549 So.2d 840 (La.1989). After a careful review of the record, we cannot say he erred for the legal services included on appeal to this Court and defense of a writ application to the Supreme Court.
Accordingly, we affirm the trial court judgment in favor of Ethel Hall, Natural Tutrix of Danielle Hall, and against Daniel Hall for attorney fees of $5,280.00 and court costs of $60.00. All costs of this appeal are to be borne by the defendant in rule, Daniel Hall.
AFFIRMED.

. The case was previously before us on exceptions not here material. See 87-CA-212.