WALTZER, Judge.
This appeal is from a judgment of the district court maintaining defendants’ exceptions of venue and transferring the proceedings to the 24th Judicial District Court for the Parish of Jefferson. Defendant J & R Investments did not file an exception of venue, but rather filed an answer, thus waving an objection to venue. Accordingly, J & R should not have been transferred to Jefferson Parish, but rather remains in the Orleans Parish forum, having submitted itself to the jurisdiction there. The trial court rendered the following written reasons for judgment:
Plaintiff seeks to recover upon an award arising out of an arbitration which took place in the Parish of Orleans. Article 42 of the Code of Civil Procedure provides the general rule that an individual must be sued in the Parish of his residence or domicile. All of the named defendants are domiciled in parishes other than Orleans. This is not an action on a contract and thus the venue exception provided in Article 76.1 is inapplicable.
On December 1, 1992, Bliteh Architects, Inc., The Avenue Partnership d/b/a Nineteen-O-One by John M. Mamoulides, and Jacob L. Karno, partners of The Avenue Partnership, pursuant to arbitration, entered into a consent agreement, a copy of which is attached hereto as Appendix I. The agreement was signed by the aforementioned parties and provided a judgment in favor for the plaintiffs, Bliteh Architects, Inc., in the amount of $93,000.00. The agreement further provided that it would be non-executory for 30 days from date, thus becoming execu-tory on January 1, 1993. Defendants have not paid and plaintiffs filed suit on January 29, 1993 seeking to enforce the consent agreement. But for J & R Investments, defendants filed exceptions of venue, three of which were heard and granted as per the trial court’s reasons quoted above.
In Black Collegiate Services, Inc. v. Ajubita, 600 So .2d 761, 764 (La.App. 4th Cir.1992) writ denied 606 So.2d 544 (La.1992), Judge Barry wrote for the unanimous panel:
A consent judgment is a bilateral contract wherein parties adjust their differences by mutual consent and end the lawsuit with each party balancing the hope of gain against the fear of loss. La.C.C. art. 3071; Braning v. Braning, 449 So.2d 670 (La.App. 4th Cir.1984). (Emphasis added.)
It is well settled in Fourth Circuit jurisprudence that consent judgments are contracts. “Compromise is a contract. C.C. art. 3071.” Stern v. Williams, 365 So.2d 1128, 1131 (La.App. 4th Cir.1978), writ denied 368 So.2d 143 (La.1979). “A compromise or consent judgment is a bilateral contract ...” Parkerson v. R—5, Inc., 305 So.2d 592, 595 (La.App. 4th Cir.1974) writ denied 309 So.2d 679 (La.1975), citing Lytle v. Commercial Insurance Co. of Newark, N.J., 285 So.2d 289 (La.App. 3rd Cir.1973); and Bielkiewicz v. Rudisell [sic, Rudisill], 201 So.2d 136 (La.App. 3rd Cir.1967), and the cases cited therein. “A compromise is a legal agreement, a contract. La.C.C. Art. 3071.” Travelers Indemnity Co. v. Anderson, 533 So.2d 118, 120 (La.App. 4th Cir.1988), writ denied 535 So.2d 744 (La.1989). In fact, Article 2044 of the Louisiana Civil Code of 1804 stated that “A compromise is a contract whereby ...” (See now, LSA-C.C. art. 3071.)
*852 The petition in the instant case states in part:
“Venue is proper in Orleans Parish because this is a suit to recover amounts owed to plaintiff under a contract and plaintiff performed its obligations under the contract in the Parish of Orleans, State of Louisiana.”
[[Image here]]
“On or about March 19, 1992, plaintiff filed a demand for arbitration which resulted in an arbitration award which was rendered on December 1, 1992 wherein plaintiff obtained a judgment against “The Avenue Partnership” for the sum of $93,000.00 and John M. Mamoulides and Jacob L. Karno recognized their liability for their virile share of the sum of $93,000.00. (A copy of the award is attached herein as Exhibit “1”).”
[[Image here]]
“WHEREFORE, Plaintiff, Blitch Architects, Inc., prays that this Petition be filed and that after due proceedings are had, this Court render a Judgment in favor of Plaintiff and against “The Avenue Partnership” for $93,000.00 plus legal interest from January 1,1993, and requiring that in the event that “The Avenue Partnership” has no assets from which the judgment may be satisfied, each partner is to pay to Blitch Architects, Inc. his, her or its virile share of the amount of this judgment.”
The January 1, 1993 date in the prayer is a reference to the provision of the consent award agreement which stated:
“Said judgment shall be non-executory for thirty (30) days from December 1, 1992.”
In the instant case, defendants are “The Avenue Partnership”, a Louisiana partnership with its principal business establishment in Jefferson Parish, J & R Investments, Inc., a Louisiana corporation with its principal place of business in Jefferson Parish, John M. Mamoulides, Jacob L. Karno, Carl Eberts, Judy LeBrun Mackles, all domiciled in Jefferson Parish, and David Skylar, domiciled in Cuyahoga County, Ohio.
LSA-C.C.P. Art. 42 is the general venue article. It provides in pertinent part that:
The general rules of venue are that an action against:
(1) An individual who is domiciled in the state shall be brought in the parish of his domicile; ...
(2) A domestic corporation, or domestic insurer, shall be brought in the parish where its registered office is located.
(3) A domestic partnership, or a domestic unincorporated association, shall be brought in the parish where its principal business establishment is located.
Thus, under the general venue article, the proper venue would be Jefferson Parish.
In contrast to the general venue article, the Code of Civil Procedure provides exceptions for specific circumstances. One of the exceptions to the general rules is LSA-C.C.P. Art. 76.1 which provides:
An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
In the instant case, the contract is the December 1, 1992 consent award which was executed in Orleans Parish. Thus under the specific exception, the proper venue is Orleans Parish.
Thus we have a conflict between LSA-C.C.P. Art. 42 and LSA-C.C.P. Art. 76.1.
When there is a conflict between venue articles in the Code of Civil Procedure, the Code provides a means of resolving those conflicts. LSA-C.C.P. Art. 45 provides:
The following rules determine the proper venue in cases where two or more articles in this Chapter may conflict:
(3) Article 78, 79, 80, 81, 82, or 83 is not applicable, and there is a conflict between two or more of Articles 42 and 71 through 77, the plaintiff may bring the action in any venue provided by any applicable article.
LSA-C.C.P. Article 45 provides the discretion to the 'plaintiff, not to the trial court *853 judge. Plaintiff chose to bring the action in Orleans Parish. Thus the trial court erred in granting the exception and in transferring the case.
For the reasons discussed, the judgment of the trial court is reversed and the case is remanded for further proceedings.

REVERSED & REMANDED.

BARRY, J., concurs with reasons.