J^DREW, J.
Sam Lieber appeals a judgment dismissing his petition for nullity. We affirm.

FACTS

This litigation, which has been ongoing for over 17 years, involves a 2.09 acre tract of land owned by Lieber which is near the intersection of Youree Drive (Highway 1) and Kings Highway in Shreveport. In the early 1950’s, DOTD began a project extending Youree north from its intersection with Kings. In 1953, DOTD entered into an agreement with appellant’s father, Philip Lieber, who owned the tract at the time, for the transfer of a right-of-way over the 2.09 acre tract in exchange for $2,500. In 1966, Philip Lieber transferred his ownership interest in the tract to appellant.

PROCEDURAL BACKGROUND

Suit No. 290,553

Lieber, as a pro se plaintiff, filed suit in 1982 for a declaratory judgment to determine ownership of the Youree tract and several other tracts of land. He amended his petition in 1985 to allege that the right-of-way agreement was invalid. Lieber eventually retained counsel who filed amended petitions between 1988 and 1991. The trial court ruled in 1994 that the 1953 right-of-way deed was null and void because DOTD had been required in 1953 to take the property in fee simple. This court affirmed the judgment and remanded for trial on the issue of damages. See Lieber v. Caddo Levee Dist. Bd. Of Com’rs, 27,267 (La.App.2d Cir.8/23/95), 660 So.2d 188, unit denied, 95-2355 (La.12/8/95), 664 So.2d 427.
DOTD filed exceptions of prescription and no right of action to Lieber’s claim for damages. The trial court sustained the exception of prescription. ' This court amended the judgment to declare that DOTD did not have a possessory interest in the portion of the tract not used in the construction and maintenance of 12the highway, and affirmed the judgment as amended. See Lieber v. State, Dept. of Transp. and Development, 28,745 (La.App.2d Cir.10/30/96), 682 So.2d 1257, unit denied, 97-0087 (La.3/7/97), 689 So.2d 1374, reconsideration denied, 97-0087 (La.4/18/97), 692 So.2d 431. Lieber was represented by Neil Erwin on the two prior appeals.

Suit No. 420,225

On December 6, 1996, under civil docket #420,225, Neil Erwin filed on behalf of Lieber a petition for permanent injunction for return of property or, in the alternative, for damages. On August 29, 1997, Erwin filed a “First Amended Petition, With Additional Petition for Nullity Filed in Proper Person.” Lieber filed his “petition” seeking to annul the judgment declaring that his claim for damages had prescribed. Upon DOTD’s motion, the trial court ordered the consolidation of suit nos. 290,553 and 420,225. The trial court later granted Lieber’s motion to sever the petition for nullity.
*590 DOTD filed the exception of no cause of action on June 12, 1998. The trial court rendered judgment on June 29, 1998, sustaining the-exception of no cause of action and allowing Lieber 15 days to amend his pleadings to state a cause of action. The trial court vacated this judgment because Lieber maintained he did not receive notice of the filing of the exception or the setting of the exception for hearing. On October 16, 1998, the trial court again rendered judgment sustaining the exception of no cause of action and giving Lieber 15 days to amend his pleadings to state a cause of action.
On November 16, 1998, DOTD filed a motion for judgment on pleadings and/or summary judgment on the petition for nullity. On December 10, 1998, Lieber filed a motion for judgment on the pleadings and/or summary judgment on his' petition for nullity.
| ¡¡Rendering judgment on January 6, 1999, the trial court granted DOTD’s motion for judgment on the pleadings and/or motion for summary judgment because Lieber failed to amend his petition for nullity with any substantive facts which would state a cause of action.
Lieber bases his appeal on several grounds. First, he argues that the courts failed to address the implication of La. C.C. art.2033, which he contends renders his damage claim imprescriptable. Second, Lieber maintains that he has discovered a “new legal basis” for his damages claim, precarious possession under La. C.C. art. 3477. Lieber complains that the trial and appellate courts should have taken judicial notice of this article. Lieber states in his brief that the “failure of the previous courts to apply clear law constitutes a vice of substance and ill practice!.]” Third, Lieber contends that the . use of La. R.S. 13:5111 and 19:14 by this court in the second appeal “constitutes an ill practice” which was repeated by the denial of rehearing, the supreme court’s refusal of his writ application and the trial court’s refusal to consider this argument. Finally, Lie-ber argues that the trial court failed to properly address La. C.C.P. art.2005.

DISCUSSION

Application of La. C.C. art.2033

Lieber argues that the judgment should be annulled because this court failed to address the application of La. C.C. art. 2033 when affirming the judgment dismissing his claim for damages. Of course, by arguing that the judgment should be annulled because this court failed to consider Article 2033, Lieber is essentially arguing that Article 2033 favors him, and thus, this court was legally wrong in affirming the judgment.
A judgment cannot be annulled merely for being legally wrong. The correctness of the judgment must be questioned on appeal. Goodson v. Sills, 470 So.2d 966 (La.App. 1st Cir.1985). See also Hall v. Hall, 611 So.2d 173 (La.App. 5th Cir.1992); Wilson v. Central Gulf Lines, Inc., 583 So.2d 1164 (La.App. 4th Cir.1991), writ denied, 590 So.2d 79 (La.1991).
Lieber is prohibited from using a petition for nullity under La. C.C.P. art. 2004 as a second appeal of the judgment dismissing his prescribed claim for damages. Regarding La. C.C.P. art.2004, our supreme court has stated:
The action provided by this article is not a substitute for an appeal from a judgment that might be erroneous due to insufficiency of evidence or misinterpretation of substantive law, but, rather, is a separate remedy designed to afford relief against a judgment procured by methods viewed with disdain by the judiciary.
Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980).
Lieber is obviously dissatisfied with the outcome of his previous appeal. However, he cannot now resort to a petition to annul as a vehicle to revisit issues previously presented to this court in the same litiga *591 tion. Lieber is not entitled to continue retrying his case until he is satisfied with the outcome.

Newly Discovered Law

Lieber urges that the judgment should be annulled because he has discovered a civil code article which he believes is favorable to him, namely Article 3477. Lieber also accuses the courts of failing to take judicial notice of this article.
A party seeking annulment of a judgment must demonstrate how he was prevented or excused from asserting any defenses he may have had, i.e., that he was deprived of the knowledge of the existence of the defense relied on, or of the opportunity to prevent it, by some fraud or ill practice on the part of the other party. Gramm v. Brock, 430 So.2d 199 (La.App. 2d Cir.1983).
Lieber does not explain how he was prevented from asserting Article 3477 in the earlier action as a defense to prescription. We note that while Lieber filed | Has a pro se appellant on this appeal, he had benefit of counsel during the prior appeal. We further note that his counsel, Neil Erwin, who filed the initial petition and the “First Amended Petition, With Additional Petition for Nullity Filed in Proper Person” in the second suit (#420,225), appeared on behalf of Lieber for oral argument on this appeal. Lieber is simply not entitled to retry his case each time he “discovers” law which he feels may be favorable to him.

Ill Practices

Lieber insists that this court committed “ill practices” by relying on La. R.S. 13:5111 and 19:14 as a basis for its resolution of the prior appeal. La. C.C.P. art.2004 provides that a final judgment obtained by fraud or ill practices may be annulled. An “ill practice” is any improper practice or procedure which operates, even innocently, to deprive a litigant of some legal right. Morehead v. Ford Motor Co., 30,207 (La.App.2d Cir.2/25/98), 709 So.2d 861. A court’s consideration of the law, even if done erroneously, can in no way be construed as an “ill practice.” As we have stated earlier in this opinion, Lie-ber cannot utilize a petition to annul to again question this court’s rationale in a previous appeal.

Application of La. C.C.P. art.2005

Lieber argues that the trial court misapplied La. C.C.P. art.2005, which provides, in part:
A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court.
Lieber apparently believes that Article 2005 offers grounds for annulment, as he states in his brief:
Under Art.2005, a judgment rendered by an appellate court may be annulled either when the ground for nullity was not considered by the appellate court (applicable to La. C.C. art.2033), or did not appear in the record (La.C.C. Art. 3477). Instead, the District Court, in its written reasons for judgment, both ignored Art.2005 and erroneously Instated that “There is no evidence that any facts alleged by plaintiff were not present in the record at the time this matter was considered by the appellate court.” Under C.C.P. Art.2005, the test is not limited to a finding of whether facts alleged as a basis for nullity were part of the previous court record (which Dr. Lie-ber’s arguments on precarious possession were not), but also whether the ground for nullity was not considered previously by the appellate court. In the important instance of C.C. Art.2033, while it specifically was pled by Dr. Lie-ber, there is no record that this statute ever was considered by the prior appellate court, when its application would have reversed the erroneous finding on prescription by the prior court.
*592 Article 2005 does not supply an independent ground, outside of La. C.C.P. arts. 2002 and 2004, to annul a judgment. Rather, it simply precludes annulment of a judgment when the ground for nullity appeared in the record of appeal or was considered by the trial court. Thus, Article 2005 simply governs when a judgment can be annulled if the action has already been disposed of on appeal, as in this matter.

DECREE

At appellant’s cost, the judgment is AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, GASKINS, PEATROSS, and DREW, JJ.
Rehearing Denied.